O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Disciplinary Matter of ) | NO. MC 10-303 ABC |
| ) | |
| WALTER J. LACK ) | |
| ) | ORDER OF SUSPENSION |
| California State Bar No. 57550 ) | |

On July 13, 2010, the Ninth Circuit suspended Respondent Walter J. Lack from the practice of law in that court for a period of six months. In re Girardi, 611 F.3d 1027 (9th Cir. 2010). As a result of the Ninth Circuit's order of suspension, this Court issued an Order to Show Cause to Respondent on August 9, 2010 as to why he should not be suspended from this Court. The Order to Show Cause called for a response within 30 days and Respondent lodged a "Response to the Order to Show Cause (Attorney Discipline)" on September 8, 2010 ("Response").[1] The Court has considered the Response, and all of the exhibits thereto. For the reasons discussed below, the Court finds

---

[1] The Court subsequently granted Respondent's request that the Response be filed under seal.

the Response unpersuasive and finds Respondent should be suspended from practicing in this Court.

When an attorney is "suspended . . . from the practice of law by the order of any United States Court," the Local Rules of the Central District suggest that suspension is appropriate here as well. See Local Rules 83-3.2.1, 83-3.2.3. To avoid suspension in the Central District, an attorney suspended from another federal court must demonstrate the existence of at least one of four enumerated exceptions: (a) that the procedure in the other court was "so lacking in notice or opportunity to be heard as to constitute a deprivation of due process"; (b) "there was such an infirmity of proof establishing the misconduct as to give rise to a clear conviction that the Court should not accept as final the other jurisdiction's conclusions" regarding Respondent's misconduct; (c) "imposition of like discipline would result in a grave injustice"; or (d) "other substantial reasons exist so as to justify not accepting the other jurisdiction's conclusions." Local Rule 83-3.2.3.

In this case, a three-judge panel of the Ninth Circuit held that Respondent and his colleague should be suspended from practicing in that Court for six months because "[t]he history of the [underlying] enforcement action demonstrates the multiple occasions on which they chose to remain willfully blind to the fact that they were making false statements. By the time they appeared in [the Ninth Circuit], the attempt to salvage their case became indistinguishable from a

knowing submission of false documents." Girardi, 611 F.3d at 1039.[2]

In arguing that this Court should not also suspend him from practicing law, Respondent makes two arguments. First, Respondent argues that substantial reasons exist to justify departing from the Ninth Circuit panel's conclusion that suspension is appropriate. Respondent's argument appears to be premised on the fact that this case involves "complex[]" issues and that there are "real differences" between the Ninth Circuit panel's conclusions, on the one hand, and the opinions of the appointed Special Master and Independent Prosecutor, on the other hand. (See, e.g., Response at ¶ 3; see also id. at ¶¶ 14, 23.) Respondent also emphasizes that the relevant foreign judgment was written in Spanish, and that he relied on others to explain the document given that he does not speak Spanish. (See id. at ¶¶ 25-29.) According to Respondent, case law from other circuits is more sympathetic to lawyers in such circumstances. (See id. at ¶¶ 27-28 (discussing cases from the Seventh and Eleventh Circuits).) Thus, the Court interprets Respondent's argument to be that other judges may have imposed lesser disciplinary sanctions (i.e., that reasonable minds could differ on whether suspension by the Ninth Circuit panel was appropriate).

This argument is not availing. The three-judge Ninth Circuit panel held that Respondent engaged in egregious misconduct, for which suspension was appropriate. That others may not have suspended Respondent does not provide "substantial reason[]" for this Court to depart from the Ninth Circuit panel's conclusions.

---

[2] The facts giving rise to that conclusion are discussed at length in the Ninth Circuit's published opinion, and will not be repeated here.

3

1 Second, Respondent argues that a "grave injustice" would occur if he is suspended from practicing in this Court. (See, e.g., id. at ¶ 3.)  This argument appears premised on his position that "[t]he monetary sanctions and suspension already in effect and the extensive mitigation efforts by Mr. Lack amply ensure the integrity of the system."  (Id. at ¶ 31; see also id. at ¶¶ 32-34.)

The mere fact that Respondent has already been disciplined for his misconduct and that he plans to avoid such future misconduct does not make it a "grave injustice" for him to be suspended by this Court. The facts found by the Ninth Circuit panel are damning.  On multiple occasions (including when the underlying action was pending in this Court before Judge Manella), Respondent was willfully blind to the fact that he was making false representations.  See Girardi, 611 F.3d at 1039; see also id. at 1036 (following removal and when faced with a motion to dismiss, Respondent continued to pursue his "increasingly untenable position" despite red flags to the contrary).  By the time the case reached the Ninth Circuit, Respondent's conduct was indistinguishable from knowingly submitting false documents.  Id. at 1039.  It is not a "grave injustice" that Respondent be suspended from this Court for that behavior notwithstanding the other circumstances raised by Respondent.

In short, none of the arguments presented by Respondent provide good cause justifying that the Court not accept the Ninth Circuit's conclusions and similarly suspend Respondent.  The showing required of Respondent for this Court not to suspend him is high: he must provide "substantial justification" for this Court to reject the Ninth Circuit's conclusions or establish that "grave injustice" will result if he is suspended.  Neither showing has been made.

4

1     Because Respondent failed to show good cause why he should not be
2 suspended from this Court, **IT IS THEREFORE ORDERED** that Respondent be
3 suspended from the practice of law in this Court pursuant to Rules 83-
4 3.2.1 and 83-3.2.3 of the Local Rules for the Central District of
5 California.  This suspension shall run concurrently with Respondent's
6 suspension from the Ninth Circuit.  Accordingly, Respondent may be
7 reinstated to the Bar of this Court upon submission of proof that he
8 has been reinstated as an active member in good standing in the Ninth
9 Circuit.  <u>See</u> Local Rule 83-3.2.4.
10     An attorney registered to use this Court's Electronic Case Filing
11 System (ECF) who is suspended by this Court will not have access to
12 file documents electronically until the attorney has been reinstated
13 to the Bar of this Court.
14     **IT IS FURTHER ORDERED** that Respondent shall notify this Court of
15 any further disciplinary action that may be imposed by the Ninth
16 Circuit within two years of the date of this order.

18     DATED: November 24, 2010

    *Audrey B. Collins*

20 _____
    CHIEF UNITED STATES DISTRICT JUDGE

5