# EXHIBIT 4

EXHIBIT   13
WIT: Lack
DATE: 4-18-07
VICKI A. SABER, CSR 6212




EJECUTORIA

EN NOMBRE DE LA REPUBLICA DE NICARAGUA, YO,

_____ BENAVENTE PRIETO, ABOGADA Y JUEZ

TERCERO CIVIL DEL DISTRITO DE MANAGUA, POR

CUANTO EN EL JUICIO, SUMARIO ESPECIAL CON ACION DE DAÑOS Y

PERJUICIOS PROMOVIDO POR LA SEÑORA SONIA EDUARDA FRANCO

FRANCO Y OTROS, CONTRA LAS SOCIEDADES DOW CHEMICAL, SHELL OIL

COMPANY, STANDARD FRUIT AND VEGETABLES CO. INC. Y DOLE FOOD

CORPORATION INC. SE HA DICTADO SENTENCIA LA CUAL SE ENCUENTRA

FIRME E INTEGRA Y LITERALMENTE DICE: JUZGADO TERCERO CIVIL DEL

DISTRITO. Managua, once de Diciembre del año dos mil dos. Las diez de la mañana.

VISTOS RESULTA: Por escritos presentados a las dos y veinte minutos de la tarde del

veintinueve de Agosto, a las dos y treinta minutos de la tarde del treinta y uno de Agosto,

a las dos y treinta y cinco minutos de la tarde del treinta y uno de Agosto, a las dos y

treinta y cinco minutos de la tarde del siete de Septiembre, a las dos y treinta minutos de la

tarde del trece de Septiembre, a las dos y treinta y cinco minutos de la tarde del trece de

Septiembre, a las dos y treinta y cinco minutos de la tarde del veintiuno de Septiembre, a

las dos y veinte minutos de la tarde del veintiocho de Septiembre y a las dos y veinticinco

minutos de la tarde del veintiocho de Septiembre, los licenciados ANGEL SALVADOR

ESPINOZA GUERRA, soltero y del domicilio de Granada y BOANERGES ANTONIO

OJEDA BACA, casado y de, este domicilio, ambos mayores de edad y Abogados, en su

carácter de apoderado generales judiciales de las siguientes personas: Sonia Eduarda

Franco Franco, Ana María Paniagua Franco, Ana María Zavala Izquierdo, Yadira

Mendoza, Juana María Poveda, Sofía Esperanza Hernández, Matilde Lidia Chávez Reyes,

Juana De Arco Mayorga, Petrona Del Transito Cortea, Francisca Antonia Artela, Nubia

Del Socorro Dixon Alfaro, Julio Esther Cruz Castro, Flor De María Palacios Ruiz, Melania

Del Socorro Osorno M., Luz Idalia Altara Ramírez, Susana Del Carmen Vanegas, Ana

Pastora Martínez Vega, Melania De Jesús Méndez, Isabel Ramos, Calipta Teresa

Martínez, Esther Matilde Palma, Dolores Gilma Urquilla Velásquez, Petrona De La

Concepción Díaz González, María Eudelia Hernández Roque, María Lourdes Roque

F-000144



Mendoza, Maria Teresa Morales Fajardo, Eriela Boris Aguirre, Norma Luisa Martinez Ayala, Martha Isabel Turcio Varela, Aurelia Victoria Montenegro Espinoza, Adelma Espinoza, Alma Nubia Maradiaga Aguilera, Paula Elvira Castellon, Candida Rosa Núñez Portillo, Argentina Natalia Cabailero, Thelma Zebraira Fonseca Arauz, Francisca Del Socorro Centeno, Maria Priscila Gonzalez Matute, Juan Paula Soza Montano, Ana Luz Arteaga Gutiérrez, Maria Gloria Garcia Alfaro, Juana Francisca Munguia Parrales, Otilia Vanegas Narváez, Petrona Verónica Sevilla Flores, Rosa Maria Rivera, Maria Elena Diaz Peñalba, Maria Victoria Acevedo Lopez, Mayra Estolina Lopez Flores, Blanca Julia Lopez Picado, Juana Martha Vasquez, Antonia Maria Ayala Moreno, Modesta Lucrecia Calero Peralta, Antonia Isabel Alfaro Ramírez, Egda Maria Caceres Reyes, Lucia Otilia Espinales Carranza, Maria Elsa Cuadra Silva, Maria Cleofe Cuadra Silva, Ana Maria Luna Argueta, Nieves De Jesus Alvarez Ruiz, Ana Julia Rodriguez Mendoza, Adilia Ulloa Grillo, Maria Auxiliadora Berrios, Mercedes Del Socorro Gaitan Valle, Rosa Adela Blanco Palma, Martha Del Carmen Chavarria Gonzalez, Julia Antonia Paniagua Flores, Gloria Justina Acevedo Prado, Petrona Del Socorro Canales Alvarez, Mauro Francisca Cano, Candida Téllez Garcia, Mariano De Jesus Torrez Romero, Orlando Rodriguez Pineda, Francisco Dionisio Aguirre, Mateo Rodriguez Mendez, Francisco Raymundo Molina, Pablo Antonio Morales, Julio Guzmán, Pedro Eligio Meza Centeno, Felix Picado Neyra, Rogelio Roberto Castillo, Maria Isabel Reyes, Lidia Maria Gumercinda Carvajal, Dominga Lucia Cordero Diaz, Digna Emerita Guadamuz Lopez, Maria Isabel Gonzalez Núñez, Tomasa Del Socorro Luna, Andrea Melania Rodriguez, Yolanda Mercedes Aleman Espinoza, Ana Maria Escoto Lezama, Juana Antonia Aleman, Juana Antonia Flores, Verónica Maria Betanco, Maria Elena Aguilera Davila, Sonia Soza Gallego, Candida Rosa Reyes Aguilera, Concepción Santos Brenes, Mario Elena Saazo, Ann Maria Munguia Perez, Maria Magdalena Martinez, Luisa Amanda Balladares Vargas, Noemi Erazo Beltran, Hermibia H. Castellon Henández, Gloria Maria Gardia Garcia, Julia Mercedes Atencia Sarris, Ana Liz Eunquez Centeno, Maria Teresa Rodriguez, Julia Berta Baquedano Aguilera, Carmen Maria Meléndez, Igna Idolina Orejtana Velasquez, Marina Laguna Meza, Maria Adilia Zúñiga, Marcelina Lopez Ramírez, Juana Del Carmen Diaz Calero, Virginia Mendoza, Silvia Elena Candia Santos, Ermilia De Las Nieves Paniagua, Bernardo

F-000145

Gladys Palma Rodríguez, Eva Luz Calero Peralta, Francisca
...ranza Membreño, Aurora Rivera García, Lilian Antonia
...noza, María Mercedes Carrazco Miranda, María De La
Cruz Martínez Rodríguez, Atlea Margarita Cerda Romero, Josefa María Gutiérrez, Lilia
Martha Roque Álvarez, Ana María Herrera Cordero, María De La Concepción Cáceres
García, María De Los Ángeles Hernández, María De Jesús Reyes, María Olivia Rodríguez,
Aurelia Funez Alemán, Angelo Del Carmen Hernández-Castro, Ignacia María Miranda
Rodríguez, Ismelda Zamora Dolmos, Lucila Castillo Sánchez, María Dilia Urbina, Reyna
Isabel Meza Castellon. María Celina Baquedano, Luisa Antonia Martínez Luna, Nimia
Esperanza Reyes, Juana Francisca Hernández Hurtado, Guadalupe Seneira Santos, Thelma
María Díaz Trañas, María Margarita Trejos Rivera, María Luisa Meléndez, Evarista Meza,
Isabel Cristina Rodríguez Torrez, Jeannine Esquivel, Gloria Del Socorro Alvarado López,
Sonia Del Carmen Centeno Rojas, Esmeralda Acuña Vega, Vilma Sonia Flores Romero,
Eda Imelda Moreno Acuña, Tomasa Isabel Castellon Mendoza, Ignacia Rostran Toval,
Gabriela Del Carmen Silva Chavarría, Petrona Evelina Salazar, Eda Dolores Rodríguez,
María Del Socorro Solano, Guadalupe Pases, María Del Carmen García Espinoza, Laura
Ramona Chavarría Espinoza, Petrona Zacarías Perez Acuña, Ramona Del Carmen García
Peralta, María Del Carmen Martínez Pilarte, Apolonia Sabina Chévez, Juana Francisca
Pineda Ordóñez, Petrona Del Socorro Munguía, Alba Rubia Suazo Benavides, María
Alicia Cáceres Granado, Sahara De Los Ángeles Ordóñez M, Maritza Beatriz Cáceres
Granado, Josefa María Castillo Sequeira, Olivia Del Carmen Soza, María Antonia Flores,
Alicia Antiño García, María Isabel Domínguez López, Julia Elena Zavala Castro, Mayra
Del Socorro Carrillo Ramírez, María De Los Santos Munguía Pineda, María Isabel
Montenegro Bermúdez, Juana Beatrise Andrade, Gloria Esperanza Montes Mojica, Sabina
Cristina Medina, Juana Olivia Salmeron, Francisca De Los Ángeles Pineda, Rosa Amanda
García Jiron, Paula Marina Santos Díaz, Petrona De Los Ángeles Torrez Valdez, Dora Del
Socorro Quezada Torrez, Gertrudis Chávez Torrez, Virginia Esperanza Lira Chávez, Juana
María Corea Perez, Rosario Martínez Peralta, Mercedes Urbina, Candida Rosa Perez
Romero, Lucia Lucrecia Casco González, Juana Francisca López Campos, Flor De María,
Mendoza Solano, Marcilisa Celestina Escalante Quintero, Zoila Cortez Vargas,

F-000136

1. Alejandrina Garcia Lopez, Rosalina Morales Gomez, Dinora Mendez Mendoza, Tomasa
2. Hernández, Lucia Juliana Figueroa Garcia, Rosa Argentina Lopez Cortez, Maria
3. Auxiliadora Gomez Morales, Julia Lidia Catin, Emelina Rios Castillo, Dionicia Verónica
4. Paz, Maria Martinez Noroñ, Martha Andrea Nuñez Mendoza, Juana Francisca Gonzalez
5. Mendoza, Adriana Paulina Urbina, Flor De Maria Rivas. Ana Julia Urbina Poveda,
6. Francisca Teodora Núñez, Maria Jose Bonilla Cruz, Maria De La Concepción Chavez
7. Torrez, Francisca Centeno Zapata, Juana Catalina Chavez Torrez, Juana Pastora Catin,
8. Mariana Miriam Ortiz, Lina Isabel Rivera Ruiz, Paula Maria Mendoza Benavides, Martha
9. Arcadia Caliz Espinoza, Petrona Silva Flores. Gloria Esperanza Mondragón, Juana
10. Bertilda Lopez Romero, Marlyng Eufemia Castillo Jiron, Doris Maricela Rios, Maria
11. Elena Munguia, Guillermina Eloisa Ruiz, Maria Edubrida Sánchez, Mario Hilaria Medina
12. Grillos, Santos Apolonia Espinoza H, Azucena Del Socorro Gutiérrez Cruz. Ana Cristina
13. Sandoval Castillo, Auxiliadora Olivares Leytoñ, Martha Valentina Lopez Betanco, Paula
14. Paz Moncada, Maria Ines Rodriguez Quintero, Ana María Villalta Mendez, Pelagia
15. Argentina Peralta Somarriba, Leonor Ponce Mejia, Juana Francisca Laguna, Maria De La
16. Concepción Luna Cardoza, Ignacia Del Socorro Rodriguez Miranda, Francisca Celestina
17. Lopez, Mariana Del Socorro Rodriguez, Leticia Irene Saimeron Martinez, Petronila
18. Narváez H., Josefa De Jesus Espinoza Gomez, Liliam Zamora Calero, Leonor Del Carmen
19. Pineda, Ernestina Isidora Canales Campo, Ana Jacoba Martinez, Paula Victoria Vallejos,
20. Magdalena Vallecillo Pineda, Amelia Del Carmen Maltez Almendares, Candida Montiel,
21. Maria Luisa Leyba Jarquin, Maria Cristina Calero Salgado, Aura Del Socorro Jiron
22. Romero, Maria Luisa Orellana Velásquez, Trinidad De Los A. Reyes Alvenda, Miriam
23. Del Rosario Berrios, Maria Eliza Jiron Romero, Eloida Neyra Sanchez, Maria Salome
24. Medina, Pabla Petrona Estrada. Candida Rosa Muntesaa Quiroz, Juana Viuca Mendoza
25. Mairena, Valentina Osorio Carrasco. Rosa Maria Mendoza, Mercedes Natalia Ortega
26. Rodriguez, Luisa Matilde Valle Paniagua, Julia Bertha Velásquez Abelares. Francisca
27. Antonia Uceda Carvajal, Martha Isabel Gonzalez Mendoza, Guadalupe Meran Lóvt.
28. Altagracia Del Socorro Soliz Navas, Magdalena Antonia Blanco, Gertrudis A. Suarez.
29. Isidra De La Asunción Ramos Padilla, Maria Victoria Diarte Casco. Maria De Los
30. Angeles Hernández Larios, Celso De Jesus Bautisto Nóya, Maria De Los Angeles Orteya.

F-000147



SERIE "K"

... ernanda Betanco Ramos, Maria Elsa Mi... Altamirano,
... Maria Francisca Rodriguez, Nidia Del Socorro ... mez,
... Sanchez, Maria Del Carmen Silva Centeno, Margarita De
La Concepción Martinez, Isidra Aleyda Martinez, Rosaura Martina Perez, Maria Del
Socorro Casada Gutierrez, Ana Julia Ramos Padilla, Angela Rodriguez, Santos Melania
Rivera Munguia, Dominga Lidia Diaz Caballero, Maria Dolores Maravilla, Epifania De
Los Santos Ruiz Centeno, Haydee Edwviges Gomez Gutiérrez, Migdalia Gertrudis
Romero, Liliam Del Socorro Araiz Corea, Gloria Justina Acevedo Prado, Silvia
Concepción Romero Ayala, Ofelia Aguirre, Vilma Téllez Garcia, Gladys Téllez Garcia,
Hortia Téllez Garcia, Miriam Del Transito Rios Arriaza, Maria Eufemia Carmona Núñez,
Julia Maria Ayala Ortiz, Juliana Vallecilla Lopez, Ramona Francisca Silva, Sofia
Esperanza Osorio, Mariana De Los Angeles Garcia, Maria Elena Malta, Lidia Esperanza
Chavarria Gonzalez, Juana Francisca Salazar, Petronila Jiron Castellón, Juana Castillo
Ortega, Maria De Jesus Flores, Gloria Zoyla Toval, Florentina Maradiaga Rodriguez,
Eugenio Narvaez Móntes, Federico Perez Altamirano, Santos Rafael Mayorga, Claudio
Castillo Trujillo, Miguel Rafael Cerna Rueda, Eduardo Jose Estévez Aguirre, Mariano
Castaño Salmeron, Emilio Maldonado Merlo, Pablo Flores Espinoza, Ivan Hipólito,
Navarro Urroz, Jose Santos Villalobos Villalobos, Freddy Victorino Caceres Flores, Luis
Manuel Fiallos Mendoza, Carlos Jose Mendoza, Macario Torrez Gonzalez, Ricardo Rafael
Estrada Ortiz, Jose Isabel Alvarado, Pedro Pablo Castellon Gonzalez, Ernesto Justino
Guerrero, Bladimir Cecilio Salazar, Ramon Urbina, Eloy Enrique Lanzas Munguia, Julio
Alberto Centeno Ortóñez, Amado De Jesus Rios Caceres, Pedro Jose Lopez, Silvio Jose
Mejia, Manuel De Jesus Gaitan Lopez, Julio Roberto Blandon Estrada, Jerónimo
Vallecillo Herrera, Juan Páulo Meneses Hernández, Angel Augusto Alvarez Ibarra, Juan
Francisco Pineda Palma, Emilio Maldonado Merlo, Pablo Flores Espinoza, Jose Isidro
Garcia Castellos, Candelario Agénor Medina Juárez, Francisco Ramos Vanega, Mariano
De Jesus Garcia, Pedro Celestino Ramirez Oporta, Eva Luz Torrez Medina, Maria
Auxiliadora Romero Bustamante, Maria Del Rosario Reyes, Maria Ernestina Martinez
Cano, Cristina De La C. Romero, Argentina Del C. Rodriguez Quintero, Bernarda
Chavarria Morales, Juana Francisca Gavian Martinez, Marcia Jeannette Suazo Medina,

F-000148

Maria Lourdes Guevara Navarro, Maria De Los Angeles Diaz Martinez, Maria Esperanza Castellon Mendoza, Maria Auxiliadora Calero Peralta, Guillermina Bertilda Carrazco Núñez, Norma Ramona Castro Núñez, Isabel Castro Rivera, Petrona Francisca Paniagua, Maria Estela Moncado Espinales, Eulalia Esther Mayorga, Ignacia Del Socorro Arauz Espinoza, Maria Cristina Alvir Munguis, Juana Del La C. Carrazco Morales, Candida Vicenta Pasos Aguilera, Maria Elsa Reyes Bahnaceda, Maria Isabel Vega, Julia Rosa Centeno Torrez, Felicita Caceres Garcia, Juana Francisca Hernández, Maria Felix Campos Hernández, Maria De La Cruz Herrera Núñez, Martha Adilia Soto Guadamuz, Marling De Los Angeles Arriola E., Mima Antonia Maradiaga, Rosario De Los Angeles Salazar i., Petrona Vilma Caceres Garcia, Irene Bertrand, Rodrigo Alejandro Fuentes Gonzalez, Manuel Edilberto Medina Pozo, Manuel De Jesus Delgadillo A., Jorge Domingo Benavidez Arriaza, Gerardo Elias Padilla Moreno, Fausto Zelaya Tabora, Marcos Antonio Caceres Martinez, Juan Ramon Lopez Benavidez, Eleodoro Paz, Jose Freddly Aguilera Espinoza, Jose Dolores Romero, Santiago Cristóbal Munguia Zavala, Gustavo Miguel Rodriguez Blanco, Donald Antonio Guillén Picado, Juan Obando Martinez Gonzalez, Esteban Roberto Romero Martinez, Jose Eugenio Vivas Espino, Julio Alberto Calvo Rojas, Cesar Guadalupe Mendoza Garcia, Gilberto Eleodoro Póveda Urbina, Carlos Alberto Tenorio Gauna, Denis Alfonso Caceres Granado, Ramon Andres Herrera Degrande, Jose Francisco Centeno Hernández, Cristóbal Acuña Benavides, Jose Esteban Gonzalez, Segundo Alberto Alvarado, Jose Manuel Gomez Cerda, Rogoberto Antonio Castillo Rodriguez, Frantico Altamirano, Francisco Valerio Gomez Meneses, Rene Joaquín Montesinos Hernández, Juan Pablo Vazquez Alonso, Gumercindo Reyes Espinoza, Modesto De Jesus Vidal Reyes, Apolonid Daniel Parrales Moreno, Marcial Andres Olivas, Juan Ramon Lopez Mendez, Jose Ramon Rojas Vega, Jose Rodriguez Morales, Jose Benito Chavarria Membreño, Mauricio Garcia Valdivia, Daniel Rojas Carvajal, Santos Adolfo Rios Garcia, Jose Francisco, Sanchez, Jorge Ivan Perez, Roberto Jose Ortiz Mendoza, Jose Francisco Baldelomar, Pedro Ramon Montoya, Mariano De Jesus Perez, Esteban Salazar Silva, Jose De La Asunción Martinez, Jose Francisco Castillo Zepeda, Jose Reynaldo Pineda, Jose Ramon Membreño, Jose Dolores Castillo Guerrero, Rodolfo De Jesus Lopez Gonzalez, Raul Federico Paniagua, Roman Evenez Estrada

Ric. Int. No. 7758963.

SERIE "K"

Rivera, Ramon Antonio Rodriguez, Rodolfo Calixto

Ramirez, Jose Emilio Martinez, Rodriguez

compareciendo expeniendo en cada una de sus demandas

lo siguiente: Que sus representados fueron expuestos al producto químico denominado

DIBROMOCLOBIDOPROPANO abreviado como DBCP y comercializado como

NEMAGON y como FUMAZONE. Que dicha exposición les ha causado a sus

representados y sus familias daños de carácter físico y orgánicos, los cuales fueron

detallados en las demandas correspondientes y por tal razón demandaban en la vía sumaria

especial y de conformidad con la Ley No. 364 y con acción de pago por daños y perjuicios

a las empresas y sus representantes legales: DOW CHEMICAL también conocida como

DOW AGRO SCIENCES, SHELL OIL COMPANY, OCCIDENTAL CHEMICAL

CORPORATION, STANDARD FRUIT AND VEGETABLES CO. INC., DOLE FOOD

CORPORATION INC., CHIQUITA BRANDS INTERNATIONAL INC., DEL MONTE

TROPICAL FRUIT, también conocida como DEL MONTE FOODS, para que pagasen a

los demandantes sumas de dinero en dólares de los Estados Unidos de América, o su

equivalente en córdobas debidamente detalladas en cada una de las demandas interpuestas

en concepto de pago por daños específicos y compensación por daños morales y punitivos

Solicitaron que las empresas demandadas hiciesen un depósito de CIEN MIL DOLARES o

su equivalente en moneda nacional, por cada uno de los demandantes de conformidad con

el Arto. 4 de la Ley No. 364 para garantizar las resultas del juicio. Se les dió intervención

de ley a los referidos apoderados en cada una de las demandas interpuestas y se emplazó a

las sociedades demandadas en el término de ley para que contestasen las demandas

previniéndoseles que depositasen la suma de Cien mil dólares en cada uno de los juicios

como condición procesal para tener participación en los mismos y se nombró como

traductor al señor Jorge Nicolás Ballesteros Castillo, mayor de edad, casado, traductor y de

este domicilio, quien aceptó el cargo, tomó posesión del mismo y procedió a traducir las

demandas referidas para que por medio de la vía diplomática fueran notificadas las

sociedades demandadas, por ser éstas del domicilio de los Estados Unidos de América y

para ello se envió el suplicatorio correspondiente a la Excelentísima Corte Suprema de

Justicia. Después de notificar a las empresas demandadas, compareció el Doctor

F-000150

ROLANDO MAYORGA OROZCO, mayor de edad, casado, Abogado y de este domicilio, en su carácter de representante legal de CHIQUITA BRANDS INTERNATIONAL INC. interponiendo la excepción de incompetencia de jurisdicción, de exclusión de su representada y falta de legitimidad de personería de su representante. También compareció el doctor ROBERTO SÁNCHEZ CORDERO, mayor de edad, casado, Abogado y de este domicilio, en su carácter de apoderado especial judicial de la empresa demandada SHELL OIL COMPANY expresando que interponía incidente de nulidad por que la Ley No. 364 contiene un sinnúmero de disposiciones violatorias a la Constitución Política vigente y que no hacía el depósito pues se sometía a lo estipulado en el Artó. 7 de la Ley No. 364. También compareció el doctor ROBERTO ARGÜELLO HURTADO, mayor de edad, casado, Abogado y de este domicilio, en su carácter de apoderado judicial de DOLE FRESH FRUIT COMPANY alegando la inconstitucionalidad de los procedimientos especiales que se pretenden aplicar con la ley no. 364 y pidió el cambio de procedimiento y se declarase la inconstitucionalidad de la ley referida. La parte actora solicitó, en cada juicio que se declarasen rebeldes a las empresas DOW CHEMICAL, DOLE FOOD y SHELL OIL. Rola constancia secretarial en la que se expresa que la empresa demandada DOW CHEMICAL no compareció a hacer uso de sus derechos y por tal razón en auto posterior se declaró rebelde a dicha empresa. La parte actora desistió de la demanda interpuesta contra las empresas OCCIDENTAL CHEMICAL CORPORATION, CHIQUITA BRAND INTERNATIONAL INC. Y DEL MONTE TROPICAL FRUIT CORPORATION. El Dr. Rolando Mayorga Orozco en su calidad de apoderado especial judicial de Chiquita Brands International Inc, expresó que aceptaba dicho desistimiento. La parte actora pidió se tuvieran por no presentados los escritos de los apoderados de las empresas demandadas que comparecieron, pues no cumplieron con el depósito de la suma ordenada en la Ley No. 364. El Juzgado proveyó que dado que las sociedades demandadas no había efectuado el depósito de ley, no cabía pronunciamiento alguno acerca de lo alegado por esas mismas empresas. De dicha resolución las demandadas apelaron. Dicha apelación fue denegada por cuanto no hicieron el depósito correspondiente ordenado en la Ley No. 364, habiendo los apelantes recurrido de hecho. Posteriormente la parte actora pidió se acumulasen los juicios registrados bajo

H-000151

casado, Abogado y de este domicilio expresando ser apoderado especial de la empresa THE DOW CHEMICAL COMPANY pidiendo se le diese intervención de ley y expresando que rechazaba la jurisdicción de este juzgado y promovía cuestión de competencia por declinatoria. Se dictó sentencia a las ocho de la mañana del cuatro de octubre del presente año, dando lugar al desistimiento de la demanda especial contra la empresa Chiquita Brands International Inc, quien había aceptado tal desistimiento y ordenándose la continuación del proceso contra las empresas Dow Chemical, Shell Oil Company, Standard Fruit and Vegetables Co. Inc y Dole Food Corporation Inc., mandándose a oír a la parte contraria del desistimiento presentado por la parte actora con relación a las empresas que aún no habían comparecido, las cuales fueron Occidental Chemical Corporation y Del Monte Tropical Fruit Corporation, quien expresó lo que tuvo a bien. Posteriormente la parte actora promovió la ilegitimidad de personería del Doctor Roberto Argüello Hurtado expresando que la empresa a la que dicho Abogado representaba no estaba siendo demandada. Este juzgado por auto posterior resolvió dicha excepción declarándola con lugar, teniendo por no presentados los escritos del doctor Roberto Argüello Hurtado y declarando nulo todo lo actuado por dicho Abogado por no ser parte en el presente juicio revocándosele la intervención que se le había otorgado, por cuanto en autos consta tal ilegitimidad y por la misma confesión de dicho apoderado. Contra dicha resolución fue interpuesto el remedio ilegal o de reposición, el cual fue declarado sin lugar. En escrito siguiente la parte actora solicitó prórroga del período probatorio, a lo que se accedió mandando a recibir las testificales ofrecidas y ordenando inspección ocular en los barriles que contenían DBCP con auxilio del perito traductor nombrado en autos, la cual debía realizarse en el municipio de El Viejo, departamento de Chinandega, girando para tal efecto el correspondiente exhorto. Se recibieron las declaraciones de los testigos. El Juzgado Local Único de El Viejo remitió a este Juzgado las diligencias de inspección ocular. Compareció el Doctor ROBERTO ARGÜELLO HURTADO, como apoderado de DOLE FOOD COMPANY manifestando que su representada podía ser afectada en sus intereses por la demanda solicitando la intervención de ley, la cual le fue denegada por no ser su representada una de las empresas demandadas, previniéndole a dicho abogado que hiciera uso de sus derechos en la vía correspondiente

F-000153

P1 '2H1.1 '22F2SF No. 3759267.

SERIE "K"

siendo el término para dictar sentencia. SE CON...

...Que habiéndose interpuesto las demandas a que se ...

...erencia en la parte expositiva de esta misma sentencia, c...

...tra de las empresas DOW CHEMICAL también conocida como DOW AGRO

SCIENCES, SHELL OIL COMPANY, OCCIDENTAL CHEMICAL CORPORATION

STANDARD FRUIT AND VEGETABLES CO. INC., DOLE FOOD CORPORATION

INC., CHIQUITA BRANDS INTERNATIONAL INC., DEL MONTE TROPICAL

FR-HI, también conocida como DEL MONTE FOODS, tal demanda después fu...

desistida por la que hace a las empresas OCCIDENTAL CHEMICAL CORPORATION

CHIQUITA BRANDS INTERNATIONAL INC., DEL MONTE TROPICAL, FRUIT

conocida también como DEL MONTE FOODS, Y se tuvo como procurador común de los

actores al Dr. Ángel Salvador Espinoza Guerra H. Que tales demandas no fueron

contradecidas ni negadas por las empresas demandadas en el término de contestación de

las mismas, por ello de conformidad con el Arto. 1051 Pr. deben tenerse como admitidas y

consentidas por dichas empresas demandadas. III. Que la oposición a las pretensiones de

los actores se basó en lo siguiente: a) El Doctor Roberto Sánchez Cordero como apoderado

especial judicial de la empresa Shell Oil Company, en su primera comparecencia solicitó

se le tuviese como tal apoderado y se le diera la intervención de ley, además promovió un

"incidente de nulidad del juicio" por estar basado en la Ley No. 364 que según él contenía

"un sin número de disposiciones violatorias a la Constitución..."; también expresó que, su

representado "nunca ha tenido negocios de ningún tipo en territorio nicaragüense" y que su

representada no haría el depósito a que se refiere los Artos. 4, 7 y 8 de la Ley No. 364,

"asumiendo las consecuencias establecidas en el citado Arto. 7 de la Ley No. 364". b) El

Doctor Roberto Arguello Hurtado solicitó el cambio de procedimiento y alegó que la Ley

No. 364 era inconstitucional, pero lo hizo accionando en representación de una sociedad

que no había sido demandada, por lo cual no cabe pronunciamiento alguno al acerca de sus

alegaciones pues se encuentra firme una resolución previa, mediante la cual se le negó a tal

honorable Abogado, la intervención en este proceso. c) El doctor Yali Molina Palacios

compareció en su carácter de apoderado especial de The Dow Chemical Company

protestando la falta de competencia de los tribunales nacionales, pero este último

F-000154



apoderado no tuvo intervención porque la empresa a la cual representaba había sido declarada rebelde y no solicitó el levantamiento de dti rebeldía. d) La compañía Standard Fruit And Vegetables Co. Inc. no compareció a oponerse a las demandas. e) Acerca del resto de las compañías demandas, los actores desistieron respecto de citas de sus pretensiones y no cabe por tanto tenerlas como parte en este juicio, ni examinar sus alegaciones. IV. Si examinamos lo relativo a la competencia de este despacho judicial, invocado por quienes se constituyeron como parte demandada en este proceso, tenemos que considerar en primer lugar que no se limitaron a protestar la competencia o a reclamar que el juicio debía ventilarse en los tribunales de los Estados Unidos de Norteamérica, sino que reclamaron que se declaran nulidades y pidieron se sentenciara al respecto y negaron que sus mandantes hubiesen tenido negocios en Nicaragua. Y a la misma vez expresaron que este Juzgado no era el competente. Entonces tenemos que sustentaron dos posturas excluyentes y totalmente contradictorias entre sí, pues si reclamaron pronunciamientos o sentencias de este órgano jurisdiccional, primero se sometieron a la competencia de este Juzgado y hasta después impugnan tal competencia. Y puesto que reclamaron sentencia acerca de algunos puntos alegados por ellos, tendrán esa sentencia para no dejar de resolver sobre todos los puntos en controversia, pues el Arto. 13 de la Ley Orgánica del Poder Judicial manda a los jueces que en sus sentencias se sustenen "los argumentos expresados por las partes en defensa de sus derechos." Además una vez producida la aceptación de la competencia de este Juzgado, la misma Ley No. 364 en su Arto. 12 in fine determina que los juzgados competentes para conocer de estos casos y que son los Juzgados de Distrito para lo Civil, podrán resolver sobre los reclamos de indemnizaciones conforme a derecho. Es más, del mismo texto de la ley se desprende (Arto. 12) que para que el litigio sea trasladó a la jurisdicción extranjera, deberán renunciar a la excepción "Forum No Conveniente" y según ese mismo texto legal si "las empresas demandadas deciden que el proceso continúe en los tribunales nicaragüenses, éstas deberán depositar la cantidad establecida en el Artículo 4 de la presente Ley." En consecuencia no basta el sólo hecho de NO hacer el depósito, existiendo otros requisitos que no fueron cumplidos por las demandadas para que fuesen los tribunales extranjeros los que conocen las decisiones

F-0001.55



No. 2758962.

SERIE "K"

definitivas". y además si las empresas demandadas hubiesen querido que el juicio fuese radicado en Nicaragua, debían haber efectuado el depósito; pero eso es por lo que hace a los demandados, más nada expreso les exige la ley a los actores que deseen que el juicio siga radicado en Nicaragua aún cuando no hayan efectuado las demandadas el depósito, por lo cual en este caso priva la ley procesal común que sí contempla el caso del sometimiento de los demandados a una competencia distinta de las de sus propios domicilios. V. Antes de pasar al examen de otras partes del proceso, hemos de considerar lo de la nulidad del juicio alegada por uno de los demandados, con fundamento, según él, en la inconstitucionalidad de una serie de disposiciones de la Ley No. 364. Al respecto debe señalarse que la Ley de Amparo (Ley No. 49) en su Arto. 21 contempla el caso de declaraciones de inconstitucionalidad de alguna ley, decreto ley o reglamento, que puedan hacerse en sentencias que no fuesen de casación. Pero, los Artos. 11 y 20 de esa Ley Constitucional establecen por una parte que debe formularse solicitud expresa para que se declare la inconstitucionalidad de la ley y que el que pide la inconstitucionalidad debe obrar con poder especial para ello y, por otra parte, es únicamente la Corte Suprema de Justicia la que al ratificar una sentencia previa que declara la inconstitucionalidad de una ley, la única que puede proceder a declarar la inaplicabilidad de la misma. Y al leer los autos, esta judicial concluye de que no existe esa solicitud expresa y nadie ha presentado poder especial para alegar la inconstitucionalidad de alguna ley y que lo que se solicita es que se declare la inaplicabilidad de la ley 364 a lo cual no puedo acceder bajo ninguna circunstancia so pena de apropiarme de funciones que son exclusivas y privativas del Supremo Tribunal. En consecuencia no se accedió en el juicio a la nulidad a que nos hemos referido. VI. En cuanto a que una de las empresas demandadas alegó no haber tenido ningún negocio en Nicaragua ni vendido productos conocidos como Nemagón y Fumazone, cabe consignar que el Arto. 2 de la Ley 364 establece la responsabilidad civil y penal de las empresas fabricantes y, además el Dr. Roberto Sánchez Cordero hizo llegar a los autos una declaración jurada de Stephen F. Quien fue empleado de Shell Oil Company (Shell) quien declara que esa empresa fabricó Nemagón y lo vendió a la Standard Fruit y Castle And Cooke quienes distribuyeron ese producto en Centro América, por lo cual esta

F-000156

viene a ser una confesión plena de que la empresa fabricó ese producto y que las otras dos empresas nominadas lo distribuyen en Nicaragua, pues esta república forma parte de Centro América. VII. Que por si lo antes expresado, resultara insuficiente para fundar lo que se resolverá en esta sentencia, cabe agregar que durante la tramitación del presente juicio la parte actora presentó pruebas a su favor consistente en exámenes médicos, informes de laboratorio y declaraciones juradas, todo con citación de la parte contraria, las cuales no fueron impugnadas. VIII. Que según el mismo Artο. 1051 Pr. en su párrafo segundo, los documentos no impugnadas se tienen como aceptados por la parte contraria y el Artο. 5 de la Ley 364 establece: "Los afectados que demuestren, durante la tramitación y sustanciación del juicio, haber estado expuestos a la sustancia o plaguicida referido en el artículo 1 de la presente Ley, y que a consecuencia del mismo hayan quedado en estado de esterilidad, gozarán del beneficio y la presunción irrefutable de que ésta fue causada por los mismos, siendo bastante y suficiente medio de prueba, la presentación de dos exámenes médicos certificados, los que deben ser reconocidos por el Laboratorio de Referencia Nacional del Ministerio de Salud o por el Instituto de Medicina Legal o en su defecto por un laboratorio debidamente acreditado por el Ministerio de Salud" y que las pruebas documentales adjuntadas a los autos, cumplen con lo estipulado en las disposiciones legales referidas. IX. Que se recibieron las testificales ofrecidas por la parte actora de los señores LUIS FELIPE GODOY MEDINA, médico cirujano, BAYARDO JOSE BARRIOS VELÁSQUEZ, tecnólogo médico, FRANCISCO ALI GARCIA MEZA, contador, SERGIO ALBERTO RIVAS, agricultor, JUAN RAMÓN ZAPATA CASTILLO, agricultor, MANUEL EDILBERTO MEDINA POZO, agricultor, MIGUEL ANGEL RAMIREZ BENAVIDEZ, agricultor, SERGIO EDELBERTO HERNÁNDEZ PORRAS, zapatero, MONICO ALVARADO LAGUNA, agricultor, JULIO CESAR BLANCO, jornalero, CARLOS WILLIAM WALDAN, jornalero, SALOMON DE LA CRUZ BRAVO, obrero, JUAN FRANCISCO ORTIZ ROCHA, agricultor, JULIAN ISIDRO MORALES MEDINA, jubilado, JOSE REYNALDO MENDEZ TEJEDA, jornalero, JOSE HERIBERTO CARRANZA CHAVARRIA, jornalero, todos mayores de edad y del domicilio de Chinandega, quienes fueron contestes de forma afirmativa al interrogatorio presentado por los demandados. X. Que en sus declaraciones testificales, in-

F-000157

SERIE "K"

...señores LUIS FELIPE GODOY MEDINA y BAYARDO JOSE BARRIOS VELÁSQUEZ, quienes según su propio dicho son profesionales de la salud, establecieron que la exposición a la que fueron sometidos los actores contribuyó a que ésos padecieran de un sinnúmero de enfermedades que además se transmitían a su descendencia, máxime que el pesticida al que fueron expuestos es considerado como cancerígeno de acuerdo a su propia exposición y según ellos fueron considerados como cancerígenos también por reportes norteamericanos. XI. Expresan los referidos testigos que todos los casos que ellos conocieron o que les fueron consultados por los mismos actores son consecuencia directa de la exposición al pesticida denominado DBCP, conocido como Nemagón y Fumazone, que entre los padecimientos crónicos de dicha exposición se encuentra la esterilidad en hombres y mujeres, problemas visuales, pérdida de uno y otro órgano visual, alteración del sistema nervioso central, defectos congénitos, impotencia sexual frígidez, cáncer prostático y uterino, así como problemas hepáticos, pulmonares, renales, además de problemas en la piel, tejido óseo y muscular, etc. XII. Que el señor LUIS FELIPE GODOY MEDINA expresó que conoció de casos en que las mujeres expuestas al pesticida referido anteriormente tuvieron varios abortos seguidos a consecuencia de deformaciones por la exposición al Nemagón y Fumazone. XIII. Que el testigo BAYARDO JOSE BARRIOS VELÁSQUEZ, manifestó que los hombres expuestos al pesticida Nemagón y Fumazone, padecen de azoospermia completa en el cual el hombre no puede engendrar, así como oligozoospermia, donde los espermatozoides están virtualmente disminuidos y además teratozoospermia consistente en que el conteo espermático es alto, ó normal pero la velocidad está disminuida, tales padecimientos se entienden médicamente como esterilidad, asimismo expresó también que la exposición al DBCP, contribuía a la aparición de cáncer hepático, cáncer cutáneo severo y algunas veces hereditarios, que además el pesticida pudo haber sido absorbido por niños lactantes a través de la leche materna, que la exposición al DBCP, causa trastornos cerebrales. Que conoció de casos de mujeres que tuvieron varios abortos seguidos. XIV. Que los otros testigos señores FRANCISCO ALÍ GARCIA MEZA, SERGIO ALBERTO RIVAS, JUAN RAMON ZAPATA CASTILLO, MANUEL EDILBERTO MEDINA POZO, MIGUEL ANGEL

RAMIRTEZ BENAVIDEZ, SERGIO EDELBERTO HERNÁNDEZ PORRAS, MONICO ALVARADO LAGUNA, JULIO CESAR BLANCO, CARLOS WILLIAM WALDAN, SALOMÓN DE LA CRUZ BRAVO, JUAN FRANCISLO ORTIZ ROCHA, JULIAN ISIDRO MORALES MEDINA, JOSE REYNALDO MENDEZ TEJEDA, Y JOSE HERIBERTO CARRANZA CHAVARRIA coinciden en afirmar que en las fincas donde trabajaron nunca les hicieron recomendaciones acerca de la prevención en el uso del pesticida denominado DBCP, conocido como Nemagon y Fumazone y nunca se les brindó el equipo de la protección necesario para evitar el contacto directo como el pesticida DBCP y mucho menos advertirles que el contacto con el mismo acarreaba perjuicio para su salud ya que al aplicar dicho pesticida por lo general se mojaban con el mismo y después de aplicarlo ni siquiera les daban las condiciones mínimas para enjuagarse en un baño, para eliminar los residuos de pesticida, sino que aún con el pesticida en sus ropas se iban a sus casas. XV. Que de la inspección judicial realizada a las once de la mañana del once de Noviembre del dos mil dos por el Juez Local Único del municipio de El Viejo, departamento de Chinandega se, desprende que en los barriles inspeccionados no se encontraban leyenda que adviertan del peligro y las consecuencias de la exposición al DBCP, no tienen leyendas en español, sino en inglés, que algunos de los barriles se aprecia el nombre de una de las empresas demandadas denominado "The Dow Chemical Company". XVI. Que es obligación de los tribunales de Justicia asegurar el pleno respeto de las garantías constitucionales de los ciudadanos Nicaragüenses y que el Arto. 2 de la Ley No. 260 "Ley Orgánica del Poder Judicial", expresa que la Justicia emana del pueblo y es impartida en su nombre y delegación de manas exclusiva por los Tribunales de Justicia del Poder Judicial. XVII. Que se debe garantizar el derecho de los afectados por el pesticida denominado NEMAGON Y FUMAZONE, máxime que dichos ciudadanos han sido afectados por dichos pesticidas de conformidad con las pruebas aportadas en el presente juicio y relacionadas en los considerandos que anteceden, que la ley No. 364, establece que el Juez podrá tomar en consideración para la cuantificación de la indemnización los medios de prueba consistentes en la valoración médica especializada, la cual rola en autos en las pruebas documentales adjuntadas a los autos así como la declaración de testigos profesionales de la salud y referidos en los considerandos



SERIE "K"

...cedentes de esta misma sentencia. XVIII. Que las demandas se presentaron diferentes sumas de dinero, que deben ser pagadas a los actores, y en el caso de los expedientes 135401 140001 y 240101, las sumas que se piden se pague a cada uno de los actores, no coincide con la sumatoria total hecho por el apoderado de los actores, por lo que para la salvaguarda de los derechos de los afectados, se hizo una simple operación aritmética de las sumas demandadas por cada uno de los actores, cuyos valores se establecerán en la parte resolutiva de esta sentencia. XIX. Que en todo el presente esta Judicial ha actuado con apego a las leyes procesales y sustantivas, respetando el principio soberano de la vigencia y aplicación de ley nicaragüense en todo el ámbito nacional. Esa respeto al orden legal vigente ha permitido acoger y declarar con lugar el reclamo de decenas de ciudadanos que sufrieron el contacto con sustancias contaminantes para el ser humano al cual causan daños irreversibles y, más aún cuando no se tomaron las prevenciones más elementales para evitar que los trabajadores que operaban esos producían o entraban en contacto con el mismo no fuesen afectados y terminaron sufriendo los efectos de esos insidiosos pesticidas, a pesar de la existencia de acuerdos y tratados internacionales que obligaron a prohibir el uso de esos productos. POR TANTO: De conformidad con las consideraciones hechas, disposiciones legales citadas y Artos. 424, 434, 436 Pr. y Arto. 12 de la Ley No. 364, la suscrito Juez RESUELVE: I. HA LUGAR a la demanda sumaria especial y con acción de pago por daños y perjuicios interpuesta por el Doctor ANGEL SALVADOR ESPINOZA GUERRA, en su carácter de procurador común y apoderado general judicial de Sonja Eduarda Franco Franco, Ana María Paniagua Franco, Ana María Zavala Izquierdo y otros, de generales en autos contra las empresas y sus representantes legales siguientes: DOW CHEMICAL también conocida como DOW AGRO SCIENCES, SHELL OIL COMPANY, STANDARD FRUIT AND VEGETABLES CO. INC. y DOLE FOOD CORPORATION INC. II. En consecuencia las sociedades demandadas referidas deberán pagar las siguientes sumas de dinero, a las siguientes personas: A) A las señoras: SONIA EDUARDA FRANCO FRANCO, ANA MARÍA PANIAGUA FRANCO, ANA MARÍA ZAVALA IZQUIERDO, YADIRA MENDOZA JUANA MARÍA POVEDA SOFÍA ESPERANZA HERNÁNDEZ,

F-000160

MATILDE LIDIA CHAVEZ REYES, JUANA DE ARCO MAYORGA, PETRONA DEL TRANSITO COREA Y FRANCISCA ANTONIA ARTOLA, la suma de CUATRO MILLONES DE DOLARES NETOS (US$ 4,000,000.00), en moneda de los Estados Unidos de América, ó su equivalente en córdobas; A CADA UNA DE ELLAS, en concepto de pago por daños específicos y compensación por daños morales y punitivos. B) A las señoras: NUBIA DEL SOCORRO DIXON ALFARO, JULIA ESTHER CRUZ CASTRO, FLOR DE MARIA PALACIOS RUIZ, MELANIA DEL SOCORRO OSORTO N., LUZ, IDALIA ALFARO RAMÍREZ, SUSANA DEL CARMEN VANEGAS, ANA PASTORA MARTINEZ VEGA, MELANIA DE JESÚS MENDEZ, ISABEL RAMOS, CALIPTA TERESA MARTINEZ, ESTHER MATILDE PALMA, DOLORES GILMA URQUILLA VELÁSQUEZ, PETRONA DE LA CONCEPCIÓN DIAZ GONZALEZ, MARIA EUDELIA HERNÁNDEZ ROQUE, MARIA LOURDES ROSTRAN MENDOZA, MARIA TERESA MORALES FAJARDO, ESTELA BORJA AGUIRRE, NORMA LUISA MARTINEZ AYALA MARTHA ISABEL TINITO VARELA, AURELIA VICTORIA MONTENEGRO ESPINOZA ADELINA ESPINOZA, ALMA NUBIA MARADIAGA AGUILERA, PAULA ELVIRA CASTILLON, CANDIDA ROSA NÚÑEZ PORTILLO, ARGENTINA NATALIA CABALLERO, THELMA ZELMIRA FONSECA ARAUZ, FRANCISCA DEL SOCORRO CENTENO, MARIA PRISCILA GONZALEZ MATUTE, JUANA PAULA SOZA MONTANO, ANA LUZ ARTEAGA GUTIERREZ, MARIA GLORIA GARCIA ALFARO, JUANA FRANCISCA MUNGUIA FARRALES, OTILIA VANEGAS NARVÁEZ, PETRONA VERÓNICA SEVILLA FLORES, ROSA MARIA RIVERA, MARIA ELENA DIAZ PEÑALBA, MARIA VICTORIA ACEVEDO LÓPEZ, MAYRA ESTULINA LÓPEZ FLORES, BLANCA JULIA LÓPEZ PICADO, JUANA MARTHA VASQUEZ, ANTONIA MARIA AYALA MORENO, MODESTA LUCRECIA CALERO PERALTA, ANTONIA ISABEL ALFARO RAMIREZ, EODA MARIA CACERES REYES, LUCIA OTILIA ESPINALES CARRANZA, MARIA ELSA CUADRA SILVA, MARIA CLEOPE CUADRA SILVA, ANA MARIA LUNA ARGUETA, NIEVES DE JESÚS ALVAREZ RUIZ, ANA JULIA RODRIGUEZ MENDOZA, ADILIA ULLOA GRILLO, MARIA AUXILIADORA BERRIOS, MERCEDES DEL SOCORRO GAITAN VALLE, ROSA ADELA BLANCO

SERIE "K"

ALMA MARTHA DEL CARMEN CHAVARRIA, GONZALEZ, JULIA ANTONIA PANIAGUA FLORES, GLORIA JUSTINA ACEVEDO PRADO, PETRONA DEL SOCORRO CANALES ALVAREZ, MAURA FRANCISCA CANO Y CANDIDA TELLEZ GARCIA, la suma de UN MILLON DE DOLARES NETOS (US$ 1.000,000.00), en moneda de los Estados Unidos de América, o su equivalente en córdobas, A CADA UNA DE ELLAS, en concepto de pago por daños específicos y compensación por daños morales y punitivos. C) Al señor MARIANO DE JESUS TORREZ ROMERO, la suma de SETECIENTOS MIL DOLARES NETOS (US$ 700,000.00), en moneda de los Estados Unidos de América, o su equivalente en córdobas, en concepto de pago por daños específicos y compensación por daños morales y punitivos. D) A los señores: ORLANDO RODRÍGUEZ PINEDA, FRANCISCO DIONISIO AGUIRRE, MATEO RODRÍGUEZ MENDEZ, FRANCISCO RAYMUNDO MOLINA, PABLO ANTONIO MORALES, JULIO GUZMÁN, PEDRO ELIGIO MEZA CENTENO, FELIX PICADO NEYRA, ROGELIO ROBERTO CASTILLO, MARIA ISABEL REYES, LIDIA MARIA GUMERCINDA CARVAJAL, DOMINGA LUCIA CORDERO DIAZ, DIGNA EMÉRITA GUADAMUZ LOPEZ, MARIA ISABEL GONZALEZ NÚÑEZ, TOMASA DEL SOCORRO LUNA, ANDREA MELANIA RODRÍGUEZ, YOLANDA MERCEDES ALEMAN ESPINOZA, ANA MARIA ESCOTO LEZAMA, JUANA ANTONIA ALEMAN, JUANA ANTONIA FLORES, VERÓNICA MARIA BETANCO, MARIA ELENA AGUILERA DAVILA, SONIA SOZA GALLEGO, CANDIDA ROSA REYES AGUILERA, CONCEPCIÓN SANTOS BRENES, MARIA ELENA SUAZO, ANA MARIA MUNGUIA PEREZ, MARIA MAGDALENA MARTINEZ, LUISA AMANDA BALLADARES VARGAS, NOEMÍ ERAZO BELTRAN, HERMINIA H CASTELLON HERNÁNDEZ, GLORIA MARIA GARCIA GARCIA, F LIA MERCEDES ALEMAN SARRIA, ANA LIZ ENRIQUEZ CENTENO, MARIA TERESA RODRÍGUEZ, JULIA BERTA BAQUEDANO AGUILERA, CARMEN MARIA MELÉNDEZ, IGNA IDOLINA ORELLANA VELÁSQUEZ, MARTHA LAGUNA MEZA, MARIA ADILIA ZÚÑIGA, MARCELINA LOPEZ RAMIREZ, JUANA DEL CARMEN DIAZ CALERO, VIRGINIA

F-000162



MENDOZA, SILVIA ELENA CANDIA SANTOS, ERMILIA DE LAS NIEVES
PANIAGUA, BERNARDA GLADYS PALMA RODRÍGUEZ, EVA LUZ CALERO
PERALTA, FRANCISCA ESPERANZA MEMBREÑO AURORA RIVERA GARCIA,
LILIAM ANTONIA ESPINOZA, MARIA MERCEDES CARRAZCO MIRANDA,
MARÍA DE LA CRUZ MARTINEZ RODRÍGUEZ, ALBA MARGARITA CERDA
ROMERO, JOSEFA MARIA GUTIÉRREZ, LILA MARTHA ROQUE ALVAREZ, ANA
MARIA HERRERA CORDERO, MARIA DE LA CONCEPCIÓN CACERES GARCIA,
MARIA DE LOS ANGELES HERNÁNDEZ, MARIA DE JESUS REYES, MARIA
OLIVIA RODRÍGUEZ, AUDELIA RUNEZ ALEMAN ANGELA DEL CARMEN
HERNÁNDEZ CASTRO, IGNACIA MARIA MIRANDA RODRÍGUEZ, IMELDA
ZAMORA DOLMOS, LUCILA CASTILLO SÁNCHEZ, MARIA DILIA URBINA
REYNA ISABEL MEZA CASTELLON, MARIA CELINA BAQUEDANO, LUISA
ANTONIA MARTINEZ LUNA, NIMIA ESPERANZA REYES, JUANA FRANCISCA
HERNÁNDEZ HURTADO, GUADALUPE SENEIRA SANTOS, THELMA MARIA
DIAZ TRAÑAS, MARIA MARGARITA TREJOS RIVERA, MARIA LUISA
MELÉNDEZ, EVARISTA MEZA, ISABEL CRISTINA RODRÍGUEZ TORREZ,
JEANNINE ESQUIVEL GLORIA DEL SOCORRO ALVARADO LOPEZ, SONIA DEL
CARMEN CENTENO ROJAS, ESMERALDA ACUÑA VEGA, VILMA SONIA
FLORES ROMERO, EDA ISMELDA MORENO ACUÑA, TOBASA ISABEL
CASTELLON MENDOZA, IGNACIA ROSTRAN TOVAL GABRIELA DEL
CARMEN SILVA CHAVARRIA, PETRONA EMELINA SALAZAR, EDA DOLORES
RODRÍGUEZ, MARIA DEL SOCORRO SOLANO, GUADALUPE PASOS, MARIA
DEL CARMEN GARCIA ESPINOZA, LAURA RAMONA CHAVARRIA ESPINOZA,
PETRONA ZACARIAS PEREZ ACUÑA, RAMONA DEL CARMEN GARCIA
PERALTA, MARIA DEL CARMEN MARTINEZ PILARTE, APOLONIA SABINA
CHEVEZ, JUANA FRANCISCA PINEDA ORDÓÑEZ, PETRONA DEL SOCORRO
MUNGUIA Y ALBA NUBIA SUAZO BENAVIDES, la suma de QUINIENTOS MIL
DOLARES NETOS (US$ 500,000.00), en moneda de los Estados Unidos de América,
o su equivalente en córdobas. A CADA UNO DE ELLOS, en concepto de pago por
daños específicos y compensación por daños morales y punitivos. E) A las señoras



SERIE "K"

MARIA ALICIA CACERES GRANADO, SAHARA, LOS ANGELES ORDÓÑEZ M., MARITZA BEATRIZ CACERES GRANADO, JOSEFA MARIA CASTILLO SEQUEIRA, OLIVIA DEL CARMEN BOZA, MARIA MARTHA ANTONIA FLORES, ALICIA ANDINO GARCIA, SABINA CRISTINA MEDINA, JUANA OLIVIA SALMERON, FRANCISCA DE LOS ANGELES PINEDA, ROSA AMANDA GARCIA JIRON, PAULA MARINA SANTOS DIAZ, PETRONA DE LOS ANGELES TORREZ VALDEZ, DORA DEL SOCORRO QUEZADA TORREZ, GERTRUDIS CHAVEZ TORREZ, MARIA ISABEL DOMINGUEZ LOPEZ, JULIA ELENA ZAVALA CASTRO, MAYRA DEL SOCORRO CARRILLO RAMIREZ, MARIA DE LOS SANTOS MUNGUIA PINEDA, MARIA ISABEL MONTENEGRO BERMÚDEZ, JUANA BAUTISTA ANDRADE, GLORIA ESPERANZA MONTES MOJICA, VIRGINIA ESPERANZA LIRA CHAVEZ, JUANA MARIA COREA PEREZ, ROSARIO MARTINEZ PERALTA, MERCEDES URBINA, CANDIDA ROSA PEREZ ROMERO, LUCIA LUCRECIA SASCO GONZALEZ, JUANA FRANCISCA LOPEZ CAMPOS, FLOR DE MARIA MENDOZA SOLANO, MARALINA CELESTINA ESCALANTE QUINTERO, ZOILA CORTEZ VARGAS, ALEJANDRINA GARCIA LOPEZ, ROSALINA MORALES GOMEZ, DINORA MENDEZ MENDOZA, TOMASA HERNÁNDEZ, LUCIA JULIANA FIGUEROA GARCIA, ROSA ARGENTINA LOPEZ CORTEZ, MARIA AUXILIADORA GOMEZ MORALES, JULIA LIDIA CATIN, EMELINA RIOS CASTILLO, DIONICIA VERÓNICA PAZ, MARIA MARTINEZ NORORI, MARTHA ANDREA NÚÑEZ MENDOZA, JUANA FRANCISCA GONZALEZ MENDOZA, ADRIANA PAULINA URBINA, FLOR DE MARIA RIVAS, ANA JULIA UREÑA PÓVEDA, FRANCISCA TEODORA NÚÑEZ, MARIA JOSE BONILLA CRUZ, MARIA DE LA CONCEPCIÓN CHAVEZ TORREZ, FRANCISCA CENTENO ZAPATA, JUANA CATALINA CHAVEZ TORREZ, JUANA PASTORA CANO, MARIANA MIRIAM ORTIZ, LINA ISABEL RIVERA RUIZ, PAULA MARIA MENDOZA BENAVIDES, MARTHA ARCADIA CALIZ ESPINOZA, PETRONA SILVA FLORES, GLORIA ESPERANZA MONDRAGÓN, JUANA BERTILDA LOPEZ ROMERO, M. JULITA POSTEMA CASTILLO ERON, DORIS MARICELA RIOS,

F-000164



MARIA ELENA MUNGUIA, GUILLERMINA ELOISA RUIZ, MARIA EDUARDA SÁNCHEZ, MARIA HILARIA MEDINA GRILLOS, SANTOS APOLONIA ESPINOZA H, AZUCENA DEL SOCORRO GUTIÉRREZ CRUZ, ANA CRISTINA SANDOVAL CASTILLO, AUXILIADORA OLIVARES LEYTON, MARTHA VALENTINA LOPEZ BETANCO, PAULA PAZ MONCADA, MARIA INES RODRÍGUEZ QUINTERO, ANA MARIA VILLALTA MENDEZ, PELAGIA ARGENTINA PERALTA SOMARRIBA, LEONOR PONCE MEJIA, JUANA FRANCISCA LAGUNA, MARIA DE LA CONCEPCIÓN LUNA CARDOZA E IGNACIA DEL SOCORRO RODRÍGUEZ MIRANDA, la suma de UN MILLON DE DOLARES NETOS (US$ 1.000,000.00), en moneda de los Estados Unidos de América, o su equivalente en córdobas. A CADA UNA DE ELLAS, en concepto de pago por daños específicos y compensación por daños morales y punitivos; F) A los señores: FRANCISCA CELESTINA LOPEZ, MARIANA DEL SOCORRO RODRÍGUEZ, LETICIA IRENE SALMERON MARTINEZ, PETRONILA NARVÁEZ H., JOSEFA DE JESÚS ESPINOZA GOMEZ, LILIAN ZAMORA CALERO, LEONOR DEL CARMEN PINEDA, ERNESTINA ISIDORA CANALES CAMPO, ANA JACOBA MARTINEZ, PAULA VICTORIA VALLEJOS, MAGDALENA VALLECILLO PINEDA, AMALIA DEL CARMEN MALTEZ ALMENDARES, CANDIDA MONTIEL, MARIA LUISA LEYVA JARQUIN, MARIA CRISTINA CALERO SALGADO, AURA DEL SOCORRO JIRON ROMERO, MARIA LUISA ORELLANA VELÁSQUEZ, TRINIDAD DE LOS A. REYES ALVENDA, MIRIAM DEL ROSARIO BERRIOS, MARIA ELSA JIRON ROMERO, ELOIDA NEYRA SÁNCHEZ, MARIA SALOME MEDINA, PABLA PETRONA ESTRADA, CANDIDA ROSA MONCADA QUIROZ, JUANA VILMA MENDOZA MAIRENA, VALENTINA OSORIO CARRASCO, ROSA MARIA MENDOZA, MERCEDES NATALIA ORTEGA RODRÍGUEZ, LUISA MATILDE VALLE PANIAGUA, JULIA BERTHA VELÁSQUEZ ABELARES, FRANCISCA ANTONIA ULLOA CARVAJAL, MARTHA ISABEL GONZALEZ MENDOZA, GUADALUPE MORAN DIAZ, ALTAGRACIA DEL SOCORRO SOLIS NAVAS, MAGDALENA ANTONIA BLANCA, GERTRUDIS A. SUAREZ, ISIDRA DE LA ASUNCIÓN RAMOS PADILLA, MARIA VICTORIA DUARTE CASCO, MARIA DE LOS ANGELES-----

F-0000163

SERIE "K"

HERNÁNDEZ LARIOS, CELSA DE JESÚS BAUTISTA MAYA, MARIA DE LOS ANGELES ORTEGA, BERNARDA BETANCO RAMOS, MARÍA ELSA MARTINEZ, ALBARENGA, MARIA FRANCISCA RODRÍGUEZ, NIDIA DEL SOCORRO JIMÉNEZ SÁNCHEZ, MARÍA DEL CARMEN SILVA CENTENO, MARGARITA DE LA CONCEPCIÓN MARTINEZ, ISIDRA ALEYDA MARTINEZ, ROSAURA MARTHA PEREZ, MARIA DEL SOCORRO CANDA GUTIÉRREZ, ANA JULIA RAMOS PADILLA, ANGELA RODRÍGUEZ, SANTOS MELANIA RIVERA MUNGUIA, DOMINGA LIDIA DIAZ CABALLERO, MARIA DOLORES MARAVILLA, EPIFANIA DE LOS SANTOS RUIZ CENTENO, HAYDEE EDUVIGES GOMEZ GUTIÉRREZ, MICDALIA GERTRUDIS ROMERO, LILIAM DEL SOCORRO ARAUZ COREA, GLORIA JUSTINA ACEVEDO PRADO, SILVIA CONCEPCIÓN ROMERO AYALA, OFELIA AGUIRRE, VILMA TÉLLEZ GARCIA, GLADYS TÉLLEZ GARCIA, NOELIA TELLEZ GARCIA, MIRIAM DEL TRANSITO RIOS ARRIAZA, MARIA EUFEMIA CARMONA NÚÑEZ, JULIA MARIA AYALA ORTIZ, JULIANA VALLECILLO LÓPEZ, RAMONA FRANCISCA SILVA, SOFIA ESPERANZA GARCIA, MARIANA DE LOS ANGELES GARCIA, MARÍA ELENA MALTA, LIDIA ESPERANZA CHAVARRIA GONZALEZ, JUANA FRANCISCA SALAZAR, PETRONILA JIRON CASTELLON, JUANA CASTILLO ORTEGA, MARIA DE JESUS FLORES, GLORIA ZOYLA TOVAL Y FLORENTINA MARADIAGA RODRÍGUEZ, la suma de UN MILLON DE DOLARES NETOS (US$ 1,000,000.00), en moneda de los Estados Unidos de América, o su equivalente en córdobas, A CADA UNA DE ELLAS, en concepto de pago por daños específicos y compensación por daños morales y punitivos; G) EUGENIO NARVÁEZ MONTES, FEDERICO PEREZ ALTAMIRANO, SANTOS RAFAEL MAYORGA, CLAUDIO CASTILLO TRUJILLO, MIGUEL RAFAEL CERNA RUEDA, EDUARDO JOSE ESTÉVEZ AGUIRRE, MARIANO CASTAÑO SALMERON, EMILIO MALDONADO MERLO Y PABLO FLORES ESPINOZA, la suma de NOVECIENTOS MIL DOLARES NETOS (US$ 900,000.00), en moneda de los Estados Unidos de América, o su equivalente en córdobas, A CADA UNO DE ELLOS, en concepto de pago por

F-000166

daños específicos y compensación por daños morales y punitivos. H) A los señores: IVAN HIPÓLITO NAVARRO URROZ, JOSE SANTOS VILLALOBOS VILLALOBOS, FREDDY VICTORINO CACERES FLORES, LUIS MANUEL FIALLOS MENDOZA, CARLOS JOSE MENDOZA, MACARIO TORREZ GONZALEZ, RICARDO RAFAEL ESTRADA ORTIZ, JOSE ISABEL ALVENDA Y PEDRO PABLO CASTELLON GONZALEZ, la suma de SEISCIENTOS MIL DOLARES NETOS (US$ 600,000.00), en moneda de los Estados Unidos de América, o su equivalente en córdobas, A CADA UNO DE ELLOS, en concepto de pago por daños específicos y compensación por daños morales y punitivos; I) A los señores: ERNESTO JUSTINO GUERRERO, ELADIMIR CECILIO SALAZAR, PEDRO JOSE LOPEZ, SILVIO JOSE MEZA, MANUEL DE JESUS GAITAN LOPEZ, JULIO ROBERTO BLANDON ESTRADA, JERÓNIMO VALLECILLO HERRERA, JUAN PAULO MENESES HERNÁNDEZ Y ANGEL AUGUSTO ALVAREZ IBARRA, la suma de SETECIENTOS MIL DOLARES NETOS (US$ 700,000.00), en moneda de los Estados Unidos de América, o su equivalente en córdobas, A CADA UNO DE ELLOS, en concepto de pago por daños específicos y compensación por daños morales y punitivos; J) A los señores: RAMON URBINA, ELOY ENRIQUE LANZAS MUNGUIA, JULIO ALBERTO CENTENO ORDÓÑEZ, AMADO DE JESUS RIOS CACERES, JUAN FRANCISCO PINEDA PALMA, EMILIO MALDONADO MERLO, PABLO FLORES ESPINOZA, JOSE ISIDRO GARCIA CASTELLON, CANDELARIO AGENOR MEDINA JUAREZ, FRANCISCO RAMOS VANEGA, MARIANO DE JESUS GARCIA Y PEDRO CELESTINO RAMÍREZ OPORTA, la suma de NOVECIENTOS MIL DOLARES NETOS (US$ 900,000.00), en moneda de los Estados Unidos de America, o su equivalente en córdobas, A CADA UNO DE ELLOS, en concepto de pago por daños específicos y compensación por daños morales y punitivos; K) A las señoras: EVA LUZ TORREZ MEDINA, MARIA AUXILIADORA ROMERO BUSTAMANTE, MARIA DEL ROSARIO REYES, MARIA LOURDES GUEVARA NAVARRO, MARIA DE LOS ANGELES DIAZ MARTINEZ, MARIA ESPERANZA CASTELLÓN MENDOZA, MARIA AUXILIADORA CALERO PERALTA, GUILLERMINA BERTILDA CARRAZCO NÚÑEZ, NORMA RAMONA CASTRO NÚÑEZ, ISABEL CASTRO——

P-000167

No. 7759995

SERIE "K"

... RIVERA, PETRONA FRANCISCA PANIAGUA, M...

... ESTELA MONCADA ESPINALES, IGNACIA DEL

SOCORRO ARAUZ ESPINOZA, MARIA CRISTINA

ALVIN MUNGUIA, JUANA DE LA C. CARRAZCO MORALES, CANDIDA

VICENTA PASOS AGUILERA, MARIA ELSA REYES BALMACEDA, JUANA

FRANCISCA HERNÁNDEZ, MARIA FELIX CAMPOS HERNÁNDEZ, MARIA DE

LA CRUZ HERRERA NÚÑEZ, MARTHA ADILIA SOTO GUADAMUZ Y IRENE

BERTRAND, la suma de UN MILLON DE DOLARES NETOS (US$ 1,000,000.00), en

moneda de los Estados Unidos de América, o su equivalente en córdobas, A CADA

UNA DE ELLAS, en concepto de pago por daños específicos y compensación por daños

morales y punitivos; L) A las señoras MARIA ERNESTINA MARTINEZ CANO,

CRISTINA DE LA CRUZ ROMERO, ARGENTINA DEL C. RODRÍGUEZ

QUINTERO, BERNARDA CHAVARRIA MORALES, JUANA FRANCISCA GAYTAN

MARTINEZ, MARCIA JEANNETTE SUAZO MEDINA Y PETRONA VILMA

CACERES GARCIA, la suma de UN MILLON CIEN MIL DOLARES NETOS (US$

1,100,000.00), en moneda de los Estados Unidos de América, o su equivalente en

córdobas, A CADA UNA DE ELLAS, en concepto de pago por daños específicos y

compensación por daños morales y punitivos; LL) A las señoras: EULALIA ESTHER

MAYORGA, MARIA ISABEL VEGA, JULIA ROSA CENTENO TORREZ, FELICITA

CACERES GARCIA, MARLING DE LOS ANGELES ARRIOLA E., MIRNA

ANTONIA MARADIAGA Y ROSARIO DE LOS ANGELES SALAZAR I.; la suma de

CUATRO MILLONES DE DOLARES NETOS (US$ 4,000,000.00), en moneda de los

Estados Unidos de América, o su equivalente en córdobas, A CADA UNA DE ELLAS,

en concepto de pago por daños específicos y compensación por daños morales y punitivos;

M) A los señores: GUSTAVO MIGUEL RODRÍGUEZ BLANCO, DONALD ANTONIO

GUILLÉN PICADO, JUAN OBANDO MARTINEZ GONZALEZ, ESTEBAN

ROBERTO ROMERO MARTINEZ, JOSE EUGENIO VIVAS ESPINO, JULIO

ALBERTO CALVO ROJAS, CESAR GUADALUPE MENDOZA GARCIA,

GILBERTO ELEODORO POVEDA MARTINEZ, CARLOS ALBERTO TENORIO

RAUDEZ, DENIS ALFONSO CACERES GRANADO, RAMON ANDRES HERRERA

F-000168

1 DEGRANDE, JOSE FRANCISCO CENTENO HERNANDEZ, CRISTÓBAL ACUÑA

2 BENAVIDES, JOSE ESTEBAN GONZALEZ, SEGUNDO ALBERTO ALVARADO,

3 JOSE MANUEL GOMEZ CERDA, RIGOBERTO ANTONIO CASTILLO

4 RODRÍGUEZ, FERNANDO ALTAMIRANO, FRANCISCO VALERIO GOMEZ

5 MENESES, RENE JOAQUIN MONTESINOS HERNANDEZ, JUAN PABLO

6 VAZQUEZ ALONSO, GUMERCINDO REYES ESPINOZA, MODESTO DE JESUS

7 VIDEA REYES, JORGE IVAN PEREZ Y JOSE FRANCISCO SANCHEZ la suma de

8 NOVECIENTOS MIL DOLARES NETOS (US$ 900,000.00), en moneda de los

9 Estados Unidos de América, o su equivalente en córdobas, A CADA UNO DE ELLOS,

10 en concepto de pago por daños específicos y compensación por daños morales y punitivos.

11 N) A los señores: APOLONIO DANIEL PARRALES MORENO, MARCIAL ANDRES

12 OLIVAS, JUAN RAMON LOPEZ MENDEZ, JOSE RAMON ROJAS VEGA, JOSE

13 RODRÍGUEZ MORALES, JOSE BENITO CHAVARRIA MEMBREÑO, MAURICIO

14 JOSE GARCIA VALDIVIA, ROBERTO JOSE ORTIZ MENDOZA, JOSE FRANCISCO

15 BALDELOMAR, PEDRO RAMON MONTOYA, MARIANO DE JESUS PEREZ,

16 FRANCISCO JERÓNIMO MOLINA, JOSE ESTEBAN SALAZAR SILVA, JOSE DE

17 LA ASUNCIÓN MARTINEZ, JOSE FRANCISCO CASTILLO ZEPEDA, JOSE

18 REYNALDO PINEDA, JOSE RAMON MEMBREÑO, JOSE DOLORES CASTILLO

19 GUERRERO, RODOLFO DE JESUS LOPEZ GONZÁLEZ, RAUL FEDERICO

20 PANIAGUA, ROMAN EVENOR ESTRADA RIVERA, RAMON ANTONIO

21 RODRÍGUEZ, RODOLFO CALIXTO RAMÍREZ Y JOSE EMILIO MARTINEZ

22 RODRÍGUEZ, la suma de SETECIENTOS MIL DOLARES NETOS (US$

23 700,000.00), en moneda de los Estados Unidos de América, o su equivalente en

24 córdobas, A CADA UNO DE ELLOS, en concepto de pago por daños específicos y

25 compensación por daños morales y punitivos. O) A los señores: FAUSTO ZELAYA

26 TABORA, MARCOS ANTONIO CACERES MARTINEZ, JUAN RAMON LOPEZ

27 BENAVIDES, ELEODORO PAZ, JOSE FREDDY AGUILERA ESPINOZA, JOSE

28 DOLORES ROMERO, SANTIAGO CRISTÓBAL MUNGUIA ZAVALA, RODRIGO

ALEJANDRO FUENTES GONZALEZ Y MANUEL EDILBERTO MEDINA POZO, la

suma de SEISCIENTOS MIL DOLARES NETOS (US$ 600,000.00), en moneda de los

F-000160



SERIE

Estados Unidos de América, o su equivalente en

córdobas, A CADA UNO DE ELLOS, en concepto de

pago por daños específicos y compensación por daños

morales y punitivos; F) A los señores: MANUEL DE JESUS DELGADILLO A., JORGE

DOMINGO BENAVIDEZ ARRIAZA, GERARDO ELIAS PADILLA MOREIRA, la

suma de CUATROCIENTOS MIL DOLARES NETOS (US$ 400,000.00), en moneda

de los Estados Unidos de América, o su equivalente en córdobas, A CADA UNO DE

ELLOS, en concepto de pago por daños específicos y compensación por daños morales y

punitivos, todo lo cual suma un total real de CUATROCIENTOS OCHENTA Y NUEVE

MILLONES CUATROCIENTOS MIL DOLARES NETOS (US$ 489,400,000.00), o su

equivalentes en córdobas. III. Siendo que el Doctor ROBERTO ARGÜELLO

HURTADO, en su calidad de apoderado especial judicial de la empresa DOLE FRESH

FRUIT COMPANY depositó en nombre de éste Juzgado la suma de CIEN MIL

DOLARES NETOS (US$ 100,000.00), moneda de los Estados Unidos de América, según

minuta de depósito de la cuenta Número 1002031381974Z del Banco de la Producción,

s.a. (BANPRO) y que rola a folio 1,643, sin ser parte en el presente proceso, procédase a

la devolución de dicha suma de dinero, girando para tal efecto oficio al referido Banco

para que entregue al doctor Argüello Hurtado en el carácter ya referido dicha suma de

dinero. COPIESE Y NOTIFIQUESE. (f) VIDA BENAVENTE PRIETO.- (f) A.M.S.S. Copiado

en el Libro Copiador de Sentencias No 1-07, folios: 438 al 461.- *POR TANTO*: Y para que

sirva de suficiente *EJECUTORIA* a la parte interesada, estando firme la

sentencia que antecede, la cual es conforme con su original, libro la

presente en la ciudad de Managua, a las diez de la mañana del

veintitrés de Enero del dos mil tres.

VIDA BENAVENTE PRIETO

JUEZ TERCERO CIVIL DEL DISTRITO

DE MANAGUA

MAIRENA M.

SECRETARIA

F-000170



1   infrascrito Secretario de la Excelentísima Corte Suprema de Justicia de la República

2   de Nicaragua, Certifica: Que la firma que antecede y dice: VIDA BENAVENTES PRIETO.

3   es auténtica y corresponde a la que usa la Doctora VIDA BENAVENTES PRIETO, Abogada

4   y Juez Tercero Civil de Distrito de Managua.

5   Managua, veinticuatro de Enero del año dos mil tres.

ALFONSO VALLE PASTORA
SECRETARIO
CORTE SUPREMA DE JUSTICIA

F-000171



*Consulado General de Nicaragua*

*en Los Angeles, California*

Autentica No. 1090303

El Consulado General de la República de Nicaragua, CERTIFICA que la firma que antecede y dice:

----ILEGIBLE---- _____ es AUTENTICA y

corresponde a la que en esa fecha usa (ba) DRA. MIRIAM FONSECA TABLADA   DIRECTORA GENERAL

DIRECCION GENERAL CONSULAR   EN MINISTERIO DE RELACIONES EXTERIORES   EN MANAGUA

Este Consulado no asume responsabilidad en cuanto al contenido del documento.   NICARAGUA

Los Angeles, California VEINTE __ de MARZO _____ del año 2003

Contrei Nº   2905

*Ministerio de Relaciones Exteriores*

*Dirección General Consular*

*Managua, Nicaragua*

La infrascrita *Miriam Fonseca Tablada, Directora General Consular "Certifica"*

que la Firma que antecede y dice: ILEGIBLE

" *Es Auténtica y corresponde* " a la que a la fecha usa (ba) ALFONSO VALLE PASTO_

RA. SECRETARIO, CORTE SUPREMA DE JUSTICIA DE LA REPUBLICA DE NICARAGUA.

*La Institución y la funcionaria no asume responsabilidad en cuanto al contenido*

*del documento.*

F-000172

*Managua,* 24 *de Enero* _____ *del* 2003

11:52:07 p.m.

Dra. Miriam Fonseca Tablada
Directora General
Dirección General Consular

[2 Seals of the Third Civil District Court of Managua]
[Value of Three Córdobas]

Series "K"
No. 2758974

*WRIT OF EXECUTION*

IN THE NAME OF THE REPUBLIC OF NICARAGUA, I, VIDA BENAVENTE PRIETO, ATTORNEY AND JUDGE OF THE THIRD CIVIL DISTRICT COURT OF MANAGUA, WHEREAS, IN THE SPECIAL SUMMARY CASE WITH ACTION FOR DAMAGES FILED BY MRS. SONIA EDUARDA FRANCO FRANCO, ET AL, AGAINST THE COMPANIES DOW CHEMICAL, SHELL OIL COMPANY, STANDARD FRUIT AND VEGETABLES CO. INC. AND DOLE FOOD CORPORATION INC., A JUDGMENT HAS BEEN ISSUED WHICH IS FINAL AND INTEGRAL AND SAYS VERBATIM: THIRD CIVIL COURT OF THE DISTRICT, Managua, December eleven, two thousand two. Ten in the morning. WHEREAS: By documents submitted at two twenty in the afternoon on the twenty-fourth of August; at two thirty in the afternoon on the thirty-first of August; at two thirty-five in the afternoon on the thirty-first of August; at two thirty-five in the afternoon on the seventh of September; at two thirty in the afternoon on the thirteenth of September; at two thirty-five in the afternoon on the thirteenth of September; at two thirty-five in the afternoon on the twenty-first of September; at two twenty in the afternoon on the twenty-eighth of September, the attorneys ANGEL SALVADOR ESPINOZA GUERRA, who is single, domiciled in Granada and BOANERGES ANTONIO OJEDA BACA, married, from this domicile, both of legal age and attorneys, in their capacity as general judicial representatives of the following persons: Sonia Eduarda Franco Franco, Ana María ... [see complete list of names in original Spanish document] ...

F-000144

[see complete list of names in original Spanish document]

F-000145

[2 Seals of the Third Civil District Court of Managua]
[Value of Three Córdobas]

Series "K"
No. 2758972

[see complete list of names in original Spanish document]

F-000146

[see complete list of names in original Spanish document]

F-000147

[2 Seals of the Third Civil District Court of Managua]
[Value of Three Córdobas]

Series "K"
No. 2758963

[see complete list of names in original Spanish document]

F-000143

[see complete list of names in original Spanish document]

F-000149



[2 Seals of the Third Civil District Court of Managua]
[Value of Three Córdobas]

Series"K"
No. 2758965

Rivera, Ramon Antonio Rodríguez, Rodolfo Calixto Ramírez, Jose Emilio Martinez, Rodriguez, appearing and setting forth in each one of their complaints the following: Their clients were exposed to the chemical product known as DIBROMOCHLOROPROPANE, abbreviated as DBCP and sold commercially as NEMAGON and as FUMAZONE. Said exposure caused their clients and their families physical and organic injuries, which were listed in the respective complaints and for which they filed suit in a special summary proceeding and in accordance with Law No. 364 and with a claim for payment of damages against the companies and their legal representatives: DOW CHEMICAL, also known as DOW AGRO SCIENCES, SHELL OIL COMPANY, OCCIDENTAL CHEMICAL CORPORATION, STANDARD FRUIT AND VEGETABLES CO. INC., DOLE FOOD CORPORATION INC., CHIQUITA BRANDS INTERNATIONAL INC., [and] DEL MONTE TROPICAL FRUIT, also known as DEL MONTE FOODS, asking them to pay to the plaintiffs sums of money in United States dollars, or their equivalent in cordobas, duly specified in each of the complaints filed as payment for specific damages, and compensation for pain and suffering, and punitive damages. They requested that the defendant companies deposit ONE HUNDRED THOUSAND DOLLARS or its equivalent in Nicaraguan currency for each one of the plaintiffs in accordance with Article 4 of Law No. 364 in order to guarantee payment of any amount found payable at trial. The aforementioned attorneys were allowed to legally intervene in each one of the complaints filed and the defendant companies were summoned within the statutory legal period in order to answer the complaints, and were warned that they deposit the sum of one hundred thousand dollars in each one of the suits, as a procedural condition to participate in the same Mr. Jorge Nicolás Ballesteros Castillo, of legal age, married, a translator domiciled in this city, was appointed as translator, a position he accepted and assumed. He proceeded to translate the referenced complaints so that the defendants could be notified through diplomatic channels, because they were domiciled in the United States of America and therefore the respective letters rogatory were sent to the Supreme Court of Justice. After the defendant companies were notified, there appeared Dr.

F-000150

ROLANDO MAYORGA OROZCO, of legal age, married, an attorney,- domiciled in this city, in his capacity as judicial representative of CHIQUITA BRANDS INTERNATIONAL INC, filing a motion to dismiss for lack of jurisdiction (*exeepción de incompetencia*), for exclusion of his client and lack of legal capacity of his client (*ilegitimidad de personería*). There also appeared Dr. ROBERTO SÁNCHEZ CORDERO, of legal age, married, an attorney, domiciled in this city, in his capacity as special judicial representative of the defendant company SHELL OIL COMPANY, stating that he filed a motion for nullity because Law No. 364 contains innumerable provisions that violate the current Political Constitution and that no deposit was made because it was subject to the provisions of Article 7 of Law No. 364. There also appeared Dr. ROBERTO ARGÜELLO HURTADO of legal age, married, attorney, domiciled in this city, in his capacity as judicial representative of DOLE FRESH FRUIT COMPANY. He alleged the unconstitutionality of the special procedures whose application was being attempted under Law No. 364, and asked for a change in procedure and that the referenced law be declared unconstitutional. The plaintiffs requested that in each suit the companies DOW CHEMICAL, DOLE FOOD and SHELL OIL be declared in contempt (*rebeldía*).   There is a record on file with the clerk of the court in which it is stated that the defendant company DOW CHEMICAL did not appear to exercise its rights and therefore, in a subsequent order, said company was declared in contempt (*rebeldía*). The plaintiffs abandoned the complaint filed against the companies OCCIDENTAL CHEMICAL CORPORATION, CHIQUITA BRAND INTERNATIONAL INC. AND DEL MONTE TROPICAL FRUIT CORPORATION. Dr. Rolando Mayorga Orozco, in his capacity as special judicial representative of Chiquita Brands International Inc. stated that he accepted said withdrawal. The plaintiff requested that the pleadings of the representatives of the defendant companies that appeared be considered not to have been submitted, because they did not comply with the order to deposit the sum under Law No. 364. The Court decided that because the defendant companies had not made the deposit required by law, there would be no ruling whatsoever regarding the arguments of those same companies. The defendants appealed this decision. Said appeal was denied because they had not made the respective deposit ordered by Law No. 364, having appealed (*recurrido de hecho*). Thereafter, the plaintiffs asked that the suits under the

F-000151



[2 Seals of the Third Civil District Court of Managua]
[Value of Three Córdobas]

Series "K"
No. 2758967

following Numbers be combined: 1159/01, 1212/01, 1213/01, 1260/01, 1303/01, 1304/01, 1354/01, 1400/01 and 1401/01 and that Attorney ANGEL SALVADOR ESPINOZA GUERRA, whose particulars have already been referenced, be considered the common attorney for the plaintiffs of these lawsuits, to which he agreed, in accordance with the provisions of Articles 840 and 841 Pr. It was decided that the judicial representatives that appeared as representatives of the defendant companies Shell Oil Company and Dole Fresh Fruit Company had tacitly submitted to the jurisdiction (competéncia) of this Court. At the request of the plaintiffs, the legal evidentiary period was opened. Dr. Roberto Argüello Hurtado in his stated capacity requested that the proceedings be nullified, stating that the assertion that they had answered the complaint was false. Said nullification was handled according to the law and the motion was dismissed on the grounds that the complaints had indeed been answered when the legal basis of these complaints was challenged and denied. Mr. Argüello Hurtado in his indicated capacity added a record of the deposit made in the Banco de la Producción S.A for the sum of ONE HUNDRED THOUSAND DOLLARS in order to exercise his rights as a party to the procedure and asked that he be allowed to intervene. It was ordered that the plaintiffs be heard regarding said deposit, with the plaintiffs stating that it had been made outside the statutory time period and that they should proceed according to the provisions of Article 8 of Law No. 364. The Court decided that the referenced deposit was made outside the statutory time period; however, because the depositor had tacitly submitted to the Court, the depositor was granted the legal intervention previously requested. Dr. Roberto Sánchez Cordero, appealed the decision to open the evidentiary period of the suit. The plaintiffs requested that the proposed testimony be received. The Court denied the appeal filed by Roberto Sánchez Cordero under Article 1081 Pr. and ordered that the testimony offered be received. It was not received because of the suspension of the evidentiary period for the processing of a motion to nullify, which was dismissed in the ruling at eleven in the morning on the twenty-sixth of August of the current year. The attached documents were admitted as evidence in favor of the plaintiffs, and were served on the opposing parties. There appeared Dr. YALÍ MOLINA PALACIOS, of legal age,

F-000152

married, attorney, domiciled in this city, stating that he was the special representative of THE DOW CHEMICAL COMPANY, requesting that he be allowed to intervene and stating that he rejected the jurisdiction of this Court and made a motion to challenge its jurisdiction (*competencia por declinatoria*). A ruling was issued at eight in the morning on the fourth of October of the current year, granting the withdrawal of the special complaint against the company Chiquita Brands International Inc, which had accepted that withdrawal, and ordering the continuation of the proceedings against the companies Dow Chemical, Shell Oil Company, Standard Fruit and Vegetables Co. Inc. and Dole Food Corporation Inc., as well as the hearing of the opposing party in the motion to withdraw submitted by the plaintiffs with regard to the companies that had not yet appeared, which were Occidental Chemical Corporation and Del Monte Tropical Fruit Corporation, which made their statements. Thereafter, the plaintiffs petitioned for the lack of legal capacity (*ilegitimidad de personeria*) standing of Dr. Roberto Arguello Hurtado, stating that the company represented by said attorney was not named in the complaint. This Court in a subsequent order, decided in favor of said petition, holding the briefs of Dr. Roberto Argüello Hurtado not to have been submitted and declaring null all the actions by said Attorney because he was not a party to this case. It revoked the intervention that had been granted to him, inasmuch as said illegitimacy is in the record, and said attorney has himself so indicated. A legal appeal or appeal for nullification (*reposición*) was filed against said decision, which was denied. In a subsequent pleading, the plaintiffs requested extension of the evidentiary period, which was granted. It was ordered that the witness statements offered be received and a visual inspection be made of the barrels containing DBCP, with the assistance of the expert translator named in the record, to take place in the municipality of El Viejo, Department of Chinandega, forwarding for that purpose the corresponding request. The statements of the witnesses were received. The Local Single Court of El Viejo sent to this Court the records of the visual inspection. Dr. ROBERTO ARGÜELLO HURTADO, as judicial representative of DOLE FOOD COMPANY appeared, stating that the interests of his client could be affected by the complaint requesting legal intervention. It was denied because his client was not one of the companies named in the complaint, and said attorney was advised to exercise the rights of his client in the appropriate forum.

F-000153

No. 2758968

The time for issuing a ruling having arrived, WHEREAS I. The complaints having been filed against the companies referenced in the expository part of this same ruling: DOW CHEMICAL, also known as DOW AGRO SCIENCES, SHELL OIL COMPANY, OCCIDENTAL CHEMICAL CORPORATION, STANDARD FRUIT AND VEGETABLES CO. INC., DOLE FOOD CORPORATION INC., CHIQUITA BRANDS INTERNATIONAL INC., DEL MONTE TROPICAL FRUIT, also known as DEL MONTE FOODS, such complaint was then withdrawn against the companies OCCIDENTAL CHEMICAL CORPORATION, CHIQUITA BRANDS INTERNATIONAL INC., DEL MONTE TROPICAL FRUIT, also known as DEL MONTE FOODS. And Dr. Ángel Salvador Espinoza Guerra, was named as common attorney for the plaintiffs. II. Said complaints were neither refuted nor denied by the defendant companies during the period given to answer them, so that pursuant to Article 1051 Pr., they must be deemed accepted and agreed to by the defendant companies. III. The opposition to the allegations of the plaintiffs was based on the following: (a) Dr. Roberto Sánchez Cordero as special judicial representative of the Shell Oil Company, in his first appearance requested that he be recognized as said representative and be allowed to intervene; in addition, he filed "a motion to nullify the suit" based on Law No. 364, which, according to him, contained "innumerable constitutional violations..."; he also stated that his client "never conducted business of any kind within Nicaraguan territory" and that his client would not make the deposit referred to in Articles 4, 7 and 8 of Law No. 364, "accepting the consequences set forth in the cited Article 7 of Law No. 364." (b) Dr. Roberto Argüello Hurtado, requested a change of proceedings and argued that Law No. 364 was unconstitutional, but he did so acting as representative of a company that was not named in the complaint. Therefore, no ruling can be made regarding his arguments because a previous ruling is final, in which the Attorney was denied intervention in this proceeding. (c) Dr. Yalí Molina Palacios, appeared in his capacity as special representative of Dow Chemical Company objecting to the lack of jurisdiction (*competencia*) of the national courts, but the latter

attorney was not allowed to join the suit because the company he represented had been declared in contempt (*rebelde*) and did not request the lifting of the contempt (*rebeldía*). (d) The company Standard Fruit And Vegetables Co., Inc. did not appear to oppose the complaints. (e) Regarding the other defendant companies, the plaintiffs withdrew their claims and therefore they will not be considered part of this suit nor will the allegations be examined. IV. If we examine the issue of the jurisdiction (*competencia*) of this Court, which was argued by the defendants in this proceeding, we must consider in the first place that they did not limit themselves to protesting the jurisdiction (*competencia*) or asking that the suit be heard in the courts of the United States; but they petitioned for nullification and requested a ruling in that regard, and denied that their clients had had any business activities in Nicaragua. And at the same time, they stated that this Court had no jurisdiction (*competente*). This means that they supported two mutually exclusive and completely contradictory positions, because if they requested a decision or judgment of this jurisdictional body, first they submitted to the jurisdiction (*competencia*) of this Court only to then challenge said jurisdiction (*competencia*). Because they requested a ruling regarding some points argued by them, they will have that ruling in order to decide all the points in dispute, because Article 13 of the Organic Law of the Judicial Authority requires that judges in their rulings analyze "the arguments stated by the parties in defense of their rights." Moreover, once the jurisdiction (*competencia*) of this Court has been accepted, the same Law No. 364 in its Article 12 (last paragraph) states that the Courts with jurisdiction (*competentes*) to hear these cases, which are the District Courts for Civil Matters, may rule on claims for compensation, pursuant to the law. In fact, the same text of the law (Article 12) states that in order for a lawsuit to be transferred to a foreign jurisdiction, in addition to "unconditional" submission to that jurisdiction, they must waive the "Forum Non Conveniens" defense and according to the same legal text, if "the defendant companies decide that the proceeding is to continue in the Nicaraguan courts, they must deposit the amount set forth in Article 4 of this Law." Therefore, the fact that NO deposit was made is not enough; there are other requirements that were not satisfied by the defendants in order that the foreign courts be the ones to render the "definitive" decisions.

F-000155

No. 2758969

Moreover, if the defendant companies wanted the suit to take place in Nicaragua, they should have made the deposit. That is what is required of the defendants, while the law requires nothing more of the plaintiffs who wish the trial to continue to be heard in Nicaragua even though the defendants have not made the deposit, for which reason, in this case, the ordinary procedural law takes precedence, which does consider the possibility of submitting the defendants to a jurisdiction (*competencia*) other than that of their own legal domicile.  V. Before moving on to examine other parts of the proceeding, we have to consider the issue of nullification of the suit argued by one of the defendants based on, according to him, the unconstitutional nature of a series of provisions of Law No. 364. In that regard, it must be pointed out that the Law of Protection of Constitutional Rights (*Ley de Amparo*) (Law No. 49) in its Article 21 contemplates the case of declarations of unconstitutionality of any law, decree law or regulation, which may be made in rulings that are not from the cassation courts. But, Articles 11 and 20 of that Constitutional Law set forth, on the one hand, that an express petition must be made in order for the law to be declared unconstitutional and that the one petitioning for unconstitutionality must have special power for that and, on the other hand, it is only the Supreme Court of Justice that upon upholding a previous decision that declared a law unconstitutional, can proceed to declare the same inapplicable. And upon reading the record, this Court concludes that there is no express petition and no one has presented a special power of attorney to argue the unconstitutionality of any law, and what is being petitioned is that this Court declare that Law 364 does not apply, which it cannot agree to do under any circumstance, under penalty of taking upon itself responsibilities that are exclusive and reserved to the Supreme Court. Consequently, the nullification was not accepted in the aforementioned trial. VI. As to the argument that one of the defendant companies has never had business activity in Nicaragua nor has it ever sold products known as Nemagon and Fumazone, it is important to state that Article 2 of Law 364 sets forth the civil and criminal liability of the manufacturers. In addition, Dr. Roberto Sánchez Cordero, placed in the record a sworn statement of Stephen F. who was employed by Shell Oil Company (Shell), and who stated that this company manufactured Nemagon and sold it to Standard Fruit and Castle and Cooke, which distributed the product in Central America. Therefore,

F-000156

this is an open admission that this company manufactured that product and that the other two companies named distributed it in Nicaragua, because this republic is a part of Central America. VII. Although the foregoing is insufficient as a basis for the decision in this ruling, it is important to add that during the processing of this suit, the plaintiffs submitted evidence in its favor consisting of medical reports, laboratory reports and witness testimonies, all with service to the opposing party, which were not challenged. VIII. According to the same Article 1051 Pr., in its second paragraph, documentary evidence not challenged is deemed accepted by the opposing party, and Article 9 of Law 364 establishes: "Interested parties that show, during the process and trying of the case, that they were exposed to the substance or pesticide referred to in Article 1 of this Law, and that as a result thereof they have remained in a state of sterility, will enjoy the benefit and conclusive presumption that this was caused thereby. Adequate and sufficient means of evidence thereof will consist of submission of two certified medical exams, which must be recognized by the Ministry of Health's National Reference Laboratory (*Laboratorio de Referencia Nacional del Ministerio de Salud*) or by the Institute of Legal Medicine (*Instituto de Medicina Legal*), or, otherwise, by a laboratory duly accredited by the Ministry of Health" and the documentary evidence attached to the court records complies with the aforementioned legal provisions. IX. Testimony offered on behalf of the plaintiffs was received from LUIS FELIPE GODOY MEDINA, Surgeon, BAYARDO JOSE BARRIOS VELÁSQUEZ, Medical Technician, FRANCISCO ALI GARCIA MEZA, Accountant, SERGIO ALBERTO RIVAS, Farmer, JUAN RAMON ZAPATA CASTILLO, Farmer, MANUEL EDILBERTO MEDINA POZO, Farmer, MIGUEL ANGEL RAMIRTEZ BENAVIDEZ, Farmer, SERGIO EDELBERTO HERNÁNDEZ PORRAS, Shoemaker, MONICO ALVARADO LAGUNA, Farmer, JULIO CESAR BLANCO, Laborer, CARLOS WILLIAM WALDAN, Laborer, SALOMÓN DE LA CRUZ BRAVO, Worker, JUAN FRANCISCO ORTIZ ROCHA, Farmer, JULIAN ISIDRO MORALES MEDINA, Retiree, JOSE REYNALDO MENDEZ TEJEDA, Laborer, JOSE HERIBERTO CARRANZA CHAVARRIA, Laborer, all of legal age and domiciled in Chinandega, who affirmatively answered as witnesses the interrogatories submitted by the defendants. X. In their testimony,

F-000157



No. 2758970

LUIS FELIPE GODOY MEDINA and BAYARDO JOSE BARRIOS VELÁSQUEZ, who according to their own statements are health professionals, established that the exposure to which the plaintiffs were submitted contributed to their suffering from innumerable diseases that were also transmitted to their descendants. Specifically, the pesticide to which they were exposed is deemed carcinogenic in terms of their own exposure, and, according to them, it was also deemed carcinogenic by U.S. reports.  XI. The aforementioned witnesses state that all cases with which they were familiar or in which they were consulted by these plaintiffs were a direct consequence of the pesticide called DBCP, known as Nemagon and Fumazone. Included among chronic diseases from said exposure are sterility in men and women, visual problems, loss of one or more visual organs, alteration of the central nervous system, congenital defects, sexual impotency, frigidity, prostate and uterine cancer, as well as problems of the liver, lungs, and kidneys, in addition to problems of the skin, bone and muscle tissue, etc.  XII. LUIS FELIPE GODOY MEDINA states that he knew of cases in which women exposed to the aforementioned pesticide had several successive miscarriages as a result of deformations from exposure to Nemagon and Fumazone.  XIII. The witness BAYARDO JOSE BARRIOS VELÁSQUEZ stated that men exposed to the pesticides Nemagon and Fumazone suffered from total azoospermia, in which the male is infertile, as well as oligospermia, in which the spermatozoa are severely reduced, and teratospermia, in which the sperm count is high or normal but their velocity is diminished. These disorders are medically understood to be sterility, and he also stated that exposure to DBCP contributed to the appearance of liver cancer and severe skin cancer, which were sometimes hereditary; moreover, he stated that the pesticide could have been absorbed by nursing babies through their mother's milk; and that exposure to DBCP causes brain disorders. He knew cases of women who had had several successive miscarriages.  XIV. The other witnesses, FRANCISCO ALI GARCIA MEZA, SERGIO ALBERTO RIVAS, JUAN RAMON ZAPATA CASTILLO, MANUEL EDILBERTO MEDINA POZO, MIGUEL ANGEL

F-000158

RAMIREZ BENAVIDEZ, SERGIO EDELBERTO HERNÁNDEZ PORRAS, MONICO ALVARADO LAGUNA, JULIO CESAR BLANCO, CARLOS WILLIAM WALDAN, SALOMÓN DE LA CRUZ BRAVO, JUAN FRANCISCO ORTIZ ROCHA, JULIAN ISIDRO MORALES MEDINA, JOSE REYNALDO MENDEZ TEJEDA AND JOSE HERIBERTO CARRANZA CHAVARRIA all confirmed that the farms where they worked never made recommendations to them about precautions in the use of the pesticide called DBCP, known as Nemagon and Fumazone, and never provided the protective gear required to avoid direct contact with the pesticide DBCP. Nor did they warn them that contact with DBCP would result in damage to their health, because in applying said pesticide, they normally got wet from it, and after applying it, they were not even given minimal conditions to rinse themselves off in a bath to eliminate the pesticide residues, but even went home with the pesticide on their clothing. XV. From the court inspection carried out at eleven in the morning on the eleventh of November of 2002 by the Local Single Judge in the town of El Viejo, department of Chinandega, it can be found that no inscription was found on the inspected barrels warning of the danger and the consequences of exposure to DBCP. Inscriptions do not appear in Spanish, but in English, and on some of the barrels the name of one of the defendants can be seen, that of the company called "The Dow Chemical Company." XVI. It is the obligation of the courts of justice to assure full respect for the constitutional guarantees of the citizens of Nicaragua. Article 2 of Law No. 260, "Organic Law of the Judiciary Branch," (Ley Orgánica del Poder Judicial) states that Justice emanates from the people and is imparted in its name and on its behalf exclusively through the courts of justice of the Judicial Branch. XVII. The rights of those injured by the pesticides called NEMAGON and FUMAZONE must be guaranteed, especially those citizens injured by said pesticides in conformity with the evidence presented in this trial and related to the foregoing legal reasons. Law No. 364 establishes that in quantifying the compensation, the judge may take into consideration the evidence consisting of specialized medical evaluation, which is set forth in the court files in the documentary evidence attached to the court files as well as the statement of health professionals who are witnesses and referred to in the foregoing legal reasons

F-000159



No. 2758971.

in the same decision. XVIII. The complaints submit different sums of money to be paid to the plaintiffs, and in the case of files 1354/01, 1400/01 and 1401/01, the sums that are requested to be paid to each of the plaintiffs do not equal the total sum calculated by the plaintiffs' attorney. Thus, to protect the rights of the interested parties, a simple arithmetical operation was performed on the sums requested by each of the plaintiffs, the value of which will be set forth in the holding of this decision. XIX. Throughout this case, this court has acted in adherence to procedural and substantive law, respecting the sovereign principle that the law of Nicaragua is in effect and applicable throughout the nation. This respect for the legal system in effect has allowed [the court] to admit and uphold the claim of dozens of citizens who suffered contact with substances that are contaminants for human beings, causing them irreversible injuries. This is especially the case when the most elementary preventive measures were not taken to prevent the workers who used these products or entered into contact with them from being injured, whereupon the workers ended up suffering the effects of these disastrous pesticides, in disregard of international accords and treaties requiring that use of these products be prohibited. THEREFORE: In conformity with the foregoing considerations, legal provisions cited and Articles 424, 434, 436 Pr. and Article 12 of Law No. 364, the undersigned judge HOLDS: I. The special summary complaint IS ACCEPTED, requesting the action of payment for damages filed by Dr. ANGEL SALVADOR ESPINOZA GUERRA in his capacity as common attorney and general representative of Sonia Eduarda Franco Franco, Ana Maria Paniagua Franco, Ana Maria Zavala Izquierdo, et al., with personal data in the court files, against the following companies and their legal representatives: DOW CHEMICAL, also known as DOW AGRO-SCIENCES, SHELL OIL COMPANY, STANDARD FRUIT AND VEGETABLES CO. INC. and DOLE FOOD CORPORATION INC. II. Consequently, the aforementioned defendant companies must pay the following sums of money to the following individuals: (A) To the following individuals: SONIA EDUARDA FRANCO FRANCO, ANA MARIA PANIAGUA FRANCO, ANA MARIA ZAVALA IZQUIERDO, YADIRA MENDOZA, JUANA MARIA POVEDAS, SOFIA ESPERANZA HERNÁNDEZ,

F-000160

MATILDE LIDIA CHAVEZ REYES, JUANA DE ARCO MAYORGA, PETRONA DEL TRANSITO COREA, AND FRANCISCA ANTONIA ARTOLA, the sum of FOUR MILLION DOLLARS NET (USD 4,000,000.00) in currency of the United States of America, or its equivalent in cordobas, TO EACH ONE OF THEM, in payment for special damages, pain and suffering, and punitive damages; (B) To the following individuals: NUBIA DEL SOCORRO DIXON ALFARO, ....[see complete list of names in original Spanish document]....

F-000161

No. 2806086

...[see complete list of names in original Spanish document]... AND CANDIDA TÉLLEZ GARCIA, the sum of ONE MILLION DOLLARS NET (USD 1,000,000.00) in currency of the United States of America, or its equivalent in cordobas. TO EACH ONE OF THEM, in payment for special damages, pain and suffering, and punitive damages; (C) To MARIANO DE JESUS TORREZ ROMERO, the sum of SEVEN HUNDRED THOUSAND DOLLARS NET (USD 700,000.00) in currency of the United States of America, or its equivalent in cordobas, in payment for special damages, pain and suffering, and punitive damages; (D) To the following individuals: ORLANDO RODRÍGUEZ PINEDA, ...[see complete list of names in original Spanish document]...

F-000162

...[see complete list of names in original Spanish document]... AND ALBA NUBIA SUAZO BENAVIDES, the sum of FIVE HUNDRED THOUSAND DOLLARS NET (USD 500,000.00) in currency of the United States of America, or its equivalent in cordobas, TO EACH ONE OF THEM, in payment for special damages, pain and suffering, and punitive damages; (E) To the following

F-000163



...[see complete list of names in original Spanish document]... AND IGNACIA DEL SOCORRO RODRIGUEZ MIRANDA, the sum of ONE MILLION DOLLARS NET (USD-1,000,000.00) in currency of the United States of America, or its equivalent in cordobas, TO EACH ONE OF THEM, in payment for special damages, pain and suffering, and punitive damages; (F) To the following individuals: FRANCISCA CELESTINA LÓPEZ, ...[see complete list of names in original Spanish document]...

F-000165

special damages, pain and suffering, and punitive damages; (H) To the following individuals: IVAN HIPÓLITO NAVARRO URROZ, ...[see complete list of names in original Spanish document]... AND PEDRO PABLO CASTELLON GONZALEZ, the sum of SIX HUNDRED THOUSAND DOLLARS NET (USD 600,000.00) in currency of the United States of America, or its equivalent in cordobas, TO EACH ONE OF THEM, in payment for special damages, pain and suffering, and punitive damages; (I) To the following individuals: ERNESTO JUSTINO GUERRERO, ...[see complete list of names in original Spanish document]... AND ANGEL, AUGUSTO ALVAREZ IBARRA, the sum of SEVEN HUNDRED THOUSAND DOLLARS NET (USD 700,000.00) in currency of the United States of America, or its equivalent in cordobas, TO EACH ONE OF THEM, in payment for special damages, pain and suffering, and punitive damages; (J) To the following individuals: RAMON URBINA, ...[see complete list of names in original Spanish document]... AND PEDRO CELESTINO RAMÍREZ OPORTA, the sum of NINE HUNDRED THOUSAND DOLLARS NET (USD 900,000.00) in currency of the United States of America, or its equivalent in cordobas, TO EACH ONE OF THEM, in payment for special damages, pain and suffering, and punitive damages; (K) To the following individuals: EVA LUZ TORREZ MEDINA, ...[see complete list of names in original Spanish document]...

F-000167

No. 2758996

...[see complete list of names in original Spanish document]... AND IRENE BERTRAND, the sum of ONE MILLION DOLLARS NET (USD 1,000,000.00) in currency of the United States of America, or its equivalent in cordobas, TO EACH ONE OF THEM, in payment for special damages, pain and suffering, and punitive damages; (L) To the following individuals: MARIA ERNESTINA MARTINEZ CANO, ...[see complete list of names in original Spanish document]... AND PETRONA VILMA CACERES GARCIA, the sum of ONE MILLION ONE HUNDRED THOUSAND DOLLARS NET (USD 1,100,000.00) in currency of the United States of America, or its equivalent in cordobas, TO EACH ONE OF THEM, in payment for special damages, pain and suffering, and punitive damages; (LL) To the following individuals: EULALIA ESTHER MAYORGA, ...[see complete list of names in original Spanish document]... AND ROSARIO DE LOS ANGELES SALAZAR L, the sum of FOUR MILLION DOLLARS NET (USD 4,000,000.00) in currency of the United States of America, or its equivalent in cordobas, TO EACH ONE OF THEM, in payment for special damages, pain and suffering, and punitive damages; (M) To the following individuals: GUSTAVO MIGUEL RODRÍGUEZ BLANCO, ...[see complete list of names in original Spanish document]...

F-000168

...[see complete list of names in original Spanish document]... AND JOSE FRANCISCO SÁNCHEZ, the sum of NINE HUNDRED THOUSAND DOLLARS NET (USD 900,000.00) in currency of the United States of America, or its equivalent in cordobas, TO EACH ONE OF THEM, in payment for special damages, pain and suffering, and punitive damages; (N) To the following individuals: APOLONIO DANIEL PARRALES MORENO, ...[see complete list of names in original Spanish document]... AND JOSE EMILIO MARTINEZ RODRÍGUEZ, the sum of SEVEN HUNDRED THOUSAND DOLLARS NET (USD 700,000.00) in currency of the United States of America, or its equivalent in cordobas, TO EACH ONE OF THEM, in payment for special damages, pain and suffering, and punitive damages; (O) To the following individuals: FAUSTO ZELAYA TABORA, ...[see complete list of names in original Spanish document]... AND MANUEL EDILBERTO MEDINA POZO, the sum of SIX HUNDRED THOUSAND DOLLARS NET (USD 600,000.00) in currency of the

F-000169

No. 2758997

United States of America, or its equivalent in cordobas, TO EACH ONE OF THEM, in payment for special damages, pain and suffering, and punitive damages; (P) To the following individuals: MANUEL DE JESUS DELGADILLO A., JORGE DOMINGO BENAVIDEZ ARRIAZA, GERARDO ELIAS PADILLA MOREIRA, the sum of FOUR HUNDRED THOUSAND DOLLARS NET (USD 400,000.00) in currency of the United States of America, or its equivalent in cordobas, TO EACH ONE OF THEM, in payment for special damages, pain and suffering, and punitive damages, all of which adds up to a total of FOUR HUNDRED EIGHTY-NINE MILLION FOUR HUNDRED THOUSAND DOLLARS NET (USD 489,400,000.00) or its equivalent in cordobas. III. Given that Dr. ROBERTO ARGÜELLO HURTADO, in his capacity of special judicial representative of the company DOLE FRESH FRUIT COMPANY, deposited in the name of this court the sum of ONE HUNDRED THOUSAND DOLLARS (USD 100,000.00), currency of the United States of America, according to the deposit record for account No. 10020313819142 of Banco de la Producción, S.A. (BANPRO), and which appears on folio 1,643, without being part of this proceeding, let said sum of money be returned, and an order be sent to this effect to the aforementioned bank, so that said sum of money may be delivered to Doctor Argüello Hurtado, acting in his judicial capacity above. LET COPIES BE MADE AND NOTICE SENT. (SIGNED) VIDA BENAVENTE PRIETO. (SIGNED) A.M.S.S. copied in Judgments Copying Book No. 147, pages 438 to 461. THEREFORE: so that it will serve as sufficient WRIT OF EXECUTION to the concerned party, the preceding judgment being final, and conforming to its original, I issue this writ, in the city of Managua, at 10 am on the twenty-third of January of 2003.

s/ Vida Benavente Prieto

VIDA BENAVENTE PRIETO

JUDGE OF THE THIRD CIVIL DISTRICT COURT OF MANAGUA

[Signature]

MAIRENA M.

CLERK

[Seal of the Third Civil District Court of Managua]

F-000170

The undersigned Clerk of the Supreme Court of the Republic of Nicaragua Certifies: The above signature, which reads VIDA BENAVENTES [sic] PRIETO, is authentic and corresponds to that used by VIDA BENAVENTES [sic] PRIETO, practicing Attorney and Judge of the Third Civil District Court of Managua.

Managua, January twenty-fourth, two thousand and three.

/s/
ALFONSO VALLE PASTORA
CLERK
SUPREME COURT OF JUSTICE
[court seal]
[tax stamps]

F-000171

 

*General Consulate of Nicaragua*

*Los Angeles, California*

Authentic No: <u>1090303</u>

The General Consulate of the Republic of Nicaragua CERTIFIES that the above signature which reads: <u>—</u> <u>— ILLEGIBLE — —</u> is AUTHENTIC and corresponds to the one used at the time by: <u>DR. MIRIAM</u> <u>FONSECA TABLADA, GENERAL DIRECTOR OF THE CONSULAR DEPARTMENT, IN THE</u> <u>MINISTRY OF FOREIGN AFFAIRS, IN MANAGUA, NICARAGUA.</u> This Consulate assumes no responsibility for the contents of the document.

Los Angeles, California, <u>MARCH TWENTIETH, 2003</u>

[consulate seal and signature]

Control No. 2905

*Ministry of Foreign Affairs*

*Consular Department*

*Managua, Nicaragua*

*The undersigned, Miriam Fonseca Tablada, General Consular Director, "Certifies", that the above signature which reads: ILLEGIBLE*

*"Is Authentic and corresponds" to the one used at the time by ALFONSO VALLE PASTORA, CLERK,* SUPREME COURT OF JUSTICE OF THE REPUBLIC OF NICARAGUA.

*The Agency and the official assume no responsibility for the contents of the document. Managua, <u>January</u>* <u>24, 2003</u>
11:42:07 p.m.

/s/

*Miriam Fonseca Tablada*

*General Director*

*General Consular Department*

[ministry seal]

F-000172

 

# Language Innovations, LLC™

*Helping businesses communicate worldwide*

1725 I Street, NW
Suite 300
Washington, D.C. 20006

tel   202 349.4180
fax   202 349.4182
email: translate@languageinnovations.com

## TRANSLATION CERTIFICATION

This is to certify that the translation of the attached document, Ref.: January 23, 2003 Writ of Execution,  was performed by a professional translator and is to the best of our knowledge and ability, a true and accurate translation of the original text delivered to Language Innovations, LLC by our client, Wilmer Cutler Pickering Hale & Dorr LLP. The original document was translated from Spanish into English, and at completion delivered to the client on May 25, 2005.

I hereby declare that all statements made herein are of my own knowledge and are true and that all statements made based on information or belief are believed to be true.

Language Innovations, LLC hereby agrees to keep the content of this translation confidential according to ethical and legal standards of the profession of Translation. Language Innovations, LLC agrees not to discuss, evaluate, distribute or reproduce any material included in or related to the translation of this document.

Date: _____

Signature: _____
Brian Friedman, Director
Language Innovations, LLC

Subscribed and sworn before me this _____ day of _____ 20___ at Washington, DC.

JAMES M. REED
Notary Public
My Commission expires: Notary Public District of Columbia
My Commission Expires: June 30, 2007