# EXHIBIT 10

8/2/10 Recorder (San Francisco) 5
2010 WLNR 15331745

Recorder
Copyright 2010 ALM Media Properties, LLC

August 2, 2010

Volume 134; Issue 116

Section: Cover Story

Bar's **discipline** chief will be tested early
Decision on **Girardi**, dealings with defense bar expected to set tone

Mike McKee
mmckee@alm.com

James Towery had been in his new job as the State Bar's chief trial counsel for all of a day when a federal appellate court sent a signal that his job was going to be anything but easy.

That was July 13, when the Ninth Circuit U.S. Court of Appeals reprimanded prominent plaintiffs lawyer Thomas **Girardi** and **suspended** his co-counsel, Walter **Lack**, from practicing before the court for six months for filing fraudulent briefs.

That ruling all but ensures an investigation by the State Bar that could lead to further **discipline**, with Towery possibly prosecuting two men with vast resources and deep political connections.

For years, complaints have been leveled that the State Bar hammers solos and small-firm lawyers while treating big-name attorneys more leniently. For most of the last five years, relations with attorneys who represent lawyers facing **discipline** charges have been further strained because of allegations that Towery's predecessor, Scott Drexel, pursued aggressive policies that excluded compromise.

How Towery responds to the challenges presented by a highprofile potential prosecution and the demands of lawyers who serve as his adversaries in State Bar Court could telegraph his leadership style: dogmatic authoritarian, pacifist doormat or skillful negotiator whipping a caseloadbloated system into shape.

"I feel like I've stepped onto a fast-moving train," Towery said recently. "But it's very exciting. It's got my adrenalin going."

An early showdown with **discipline** defense counsel was averted last weekend when the State Bar Board of Governors put on hold a move to toughen sanctions standards that the defense lawyers say were promulgated without any input from them. **Discipline** defense counsel say they're already seeing positive changes.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.



"Jim Towery's lit a fire under everybody to move cases," said Jerome Fishkin, a partner with Walnut Creek's Fishkin & Slatter. "Every defense counsel has seen the same thing."

"He has a better sense of priorities," Fishkin added, and "is more likely to prosecute without compromise cases involving public protection and multiple acts of misconduct and more likely to compromise on chicken-feed cases."

"The word I hear is he's been going through the office caseload and asking people what they're about and why they're still around."

That jibes with Towery's recent comment to The Recorder that he intended to make the system move faster.

"[Towery] walks a bit of a tightrope," said Robert Fellmeth, a professor at University of San Diego School of Law who served as State Bar **discipline** monitor from 1987 to 1992. "He is a prosecutor controlled by a Board of Governors selected by the very profession he is attempting to police."

He needs to protect the public, and not overly empathize with fellow lawyers, Fellmeth said. "He might be one of the few people who can do that."

Towery brings his experience as a State Bar president and Bar junkie and an understanding of the **discipline** system acquired while on the Board of Governors in the early '90s.

In a telephone interview, he said he plans to work closely with defense counsel and handle cases with prominent defendants just as he will any others.

But in the **Girardi** matter, he faces unique circumstances.

**Girardi**, a partner with Los Angeles' **Girardi** & Keese, is among the state's most prominent plaintiff lawyers and there could be outside pressure to go easy on him. As more than one person noted, current State Bar President Howard Miller is **Girardi's** law partner, and Towery would have to make sure theres no appearance of impropriety or favoritism.

He could get around that altogether by assigning outside counsel to investigate and try the case, as allowed by State Bar rules.

Towery said the prospect of political pressure actually came up during his job interview.

"And my response," he said, "is that since we revamped the **discipline** system in 1989, I don't think there has been a single documented case where political pressure has resulted in the office changing its approach against any lawyer.

"If I were to perceive anyone was trying to apply such political pressure," he added, "I would have a strong adverse reaction."

It's not a given that the State Bar will initiate investigations against **Girardi** and **Lack**. But if it does, the process is laid out, said Drexel, who was chief trial counsel from 2005 to 2009, and Mike Nisperos Jr., who held the same post from 2001 to 2004. The Ninth Circuit ruling gives Towery a solid foundation from which to start, they said. "It's basically as if the facts of the situation have been established. They're basically bound by that," said Drexel, who now works for the Department of Justice in Washington, D.C. "So the question becomes, is that the grounds for **discipline** here and what should that **discipline** be?"

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Nisperos, who now heads the Guam public defender's office, said the ruling eliminates a "heavy evidentiary problem."

San Diego solo David Carr, president of the Association of **Discipline** Defense Counsel, said the ruling gives the State Bar a big advantage.

"It's not that [prosecutors] give it great weight," he said. "They give it conclusive weight."

Drexel said Towery should consult State Bar Rule of Procedure 2201, which allows the chief trial counsel to appoint an outsider to conduct an investigation that involves a potential conflict of interest.

"I would guess since Tom **Girardi** is Howard Miller's partner," Drexel said, "this would not be handled by the office of chief trial counsel, but rather would be sent to an outside counsel."

Towery, a longtime partner with San Jose's Hoge Fenton Jones & Appel, said he isn't allowed to talk about investigations — let alone those that haven't even commenced.

Nisperos said that when he came into office he immediately compiled a list of friends and acquaintances from whose cases he would recuse himself in the unlikely event they ever were hit with **discipline** charges. In fact, he said he would have had to take himself out of the mix on the **Girardi** case if he was still at the State Bar.

"He's a good friend of mine, too," Nisperos said. "He got tickets for my son and I to see a playoff game for the Lakers."

RESTORING TRUST

Towery's more difficult task could be winning the trust of the state's small faction of **discipline** defense counsel, who clashed with Drexel for most of his fouryear tenure.

They accused Drexel — who said he always tried to be honest with defense lawyers — of filing charges for even the smallest offenses and pushing for trial regularly, as well as seeking to limit evaluation conferences and suggesting permanent disbarment as a form of punishment.

Last week's proposed amendments to the sanction standards raised more concerns. They propose increasing **discipline** or coming in line with American Bar Association standards in certain circumstances, including when a lawyer refuses to acknowledge the wrongful nature of his conduct, has substantial experience, or has had sexual relations with a client.

Several **discipline** defense lawyers — who agree that the standards are long out of date — sent a letter to the State Bar saying they were peeved that they hadn't been consulted about the proposals.

"It cannot be assumed," they wrote, "that career prosecutors are equipped to articulate and present the concerns of experienced **discipline** defense counsel, or the views of other than prosecutors."

The lawyers got their wish when the Board of Governors last weekend put the proposals on hold for further review. But they were also buoyed when Towery, in a letter of his own, called the proposals "a work in progress" and vowed to "work collaboratively with all of the stakeholders in the disciplinary process."

"He's an excellent candidate who comes from a background other than strictly as a prosecutor," said James Ham, a

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.



partner with South Pasadena's Pansky Markle Ham, "so he has an understanding of how lawyers practice law and he's got a broad range of experience."

Fishkin called it an "insult" to Towery that the proposed amendments — which were in the works long before he was hired — moved as far along as they did.

"The guy's coming in and someone's trying to change the rules on him as he walks in the door," he said. "That's disrespectful." Towery doesn't plan to be a pushover, though.

"I'm sure there are going to be many, many issues on which we disagree," he said. "But I also think there will be many issues where we understand each others' points."

His first priority, however, he said, will be dealing with a 40 to 50 percent increase in caseload with 7 percent fewer positions than last year.

"Clients come in to see [defense counsel] and they are ready to talk to the Bar, but the Bar doesn't come back and talk for two or three years," he said. "And that shouldn't happen."

---- INDEX REFERENCES ----

COMPANY: AMERICAN BAR ASSOCIATION; AMERICAN BAR ASSOC MEM ST STREET COLL TR

NEWS SUBJECT: (Legal (1LE33); Regulatory Affairs (1RE51); Judicial (1JU36))

REGION: (California (1CA98); North America (1NO39); U.S. West Region (1WE46); Americas (1AM92); USA (1US73))

Language: EN

OTHER INDEXING: (AMERICAN BAR ASSOCIATION; ASSOCIATION OF **DISCIPLINE** DEFENSE COUNSEL; BAR; DEPARTMENT OF JUSTICE; HOGE FENTON JONES APPEL; NINTH CIRCUIT; NINTH CIRCUIT U S COURT OF APPEALS; PANSKY MARKLE HAM; STATE BAR; STATE BAR COURT; WALNUT CREEKS FISHKIN SLATTER) (Clients; David Carr; Drexel; Fellmeth; Fishkin; Girardi; Girardi Keese; Howard Miller; James Ham; James Towery; Jerome Fishkin; Jim Towery; Lack; Mike Nisperos Jr.; Nisperos; Robert Fellmeth; Scott Drexel; Thomas Girardi; Towery; Walter Lack)

KEYWORDS: Legal Professionals

Word Count: 1459
8/2/10 RECORDER-SF 5
END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

NewsRoom

7/19/10 Recorder (San Francisco) 41
2010 WLNR 14376991

Recorder
Copyright 2010 ALM Media Properties, LLC

July 19, 2010

Volume 134; Issue 114

Walter **Lack** **Suspended**, **Girardi** Reprimanded

Dan Levine

SAN FRANCISCO — The **discipline** originally proposed for one of California's top plaintiff lawyers just wasn't tough enough for the Ninth Circuit U.S. Court of Appeals.

Walter **Lack** received a six-month **suspension** from practicing before the Ninth Circuit due to fraudulent appellate briefs his firm filed in litigation against Dole Food Co. The penalty handed down today is greater than the one recommended by the court's own independent prosecutor, and it puts the Engstrom, Lipscomb & **Lack** partner in a tricky posture vis-a-vis the State Bar.

**Lack's** frequent co-counsel, Thomas **Girardi** of **Girardi** & Keese in Los Angeles, received only a formal reprimand. That mirrors a proposal from Hastings College of the Law professor Rory Little, who investigated the lawyers' behavior at the court's request.

Little also had recommended that any **suspension** of **Lack** be stayed, but the Ninth Circuit panel disagreed. Judges William Fletcher, Marsha Berzon and N. Randy Smith found that **Lack** "chose to remain willfully blind to the fact they were making false statements."

Yet **Girardi** had not been involved in drafting the problematic briefs and he had not read them before signing, the judges wrote in an unsigned order.

"**Girardi's** practice of authorizing the **Lack** firm to sign his name on briefs that turned out to contain falsehoods may raise separate ethical questions," the panel wrote, "but with respect to the specific misrepresentations identified in the order to show cause, **Girardi's** proven conduct is at most reckless, and the recklessness inheres in this mode of practice, not in any specific action he took in the enforcement action or the appeal."

Skadden, Arps, Slate, Meagher & Flom partner Thomas Nolan, who represents **Girardi**, declined to comment. **Lack's** attorney, Robert Baker of Baker, Keener & Nahra, did not respond to a call.

For years **Girardi** and **Lack** have teamed up on big-ticket class actions. **Lack** settled the toxic tort made famous in the movie "Erin Brockovich." **Girardi** hosts a radio show in Los Angeles and is a cornerstone of the L.A. legal community, long hobnobbing with judges and politicos. **Lack** and **Girardi** are also partners in businesses outside of the law, from real estate to pharmaceuticals.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.



The two firms got in trouble while representing hundreds of plaintiffs who claim to have been sickened by pesticides. But lawyers in Central America mistakenly filed a complaint against Dole Food Corp. — which doesn't exist — instead of Dole Food Co. They then secured a $489 million judgment against the wrong corporate entity.

**Lack's** firm took the lead in enforcing the judgment in the United States, and lawyers there relied on a series of documents and representations they knew to be false to mask the error and prosecute the claim against Dole Food Co., according to findings from Ninth Circuit Judge A. Wallace Tashima, who acted as a special master in sanctions proceedings against the plaintiff lawyers.

U.S. District Judge Nora Manella dismissed the U.S. case and flagged the problems, but Engstrom attorneys      and Paul Traina then filed Ninth Circuit briefs over **Girardi's** signature, Tashima found.       at the time a recent law school graduate, tried to talk his bosses out of continuing the appeal once Dole's response briefs came in, but **Lack** and Traina overruled him, Tashima found.

Eventually another lawyer at **Girardi's** firm, Howard Miller — now the president of the State Bar of California — was tapped to handle the appellate arguments. When Miller reviewed the filings he recommended that they immediately drop the appeal, and **Girardi** agreed.

**Lack's** long career ultimately hurt him in the Ninth Circuit panel's eyes.

"Substantial legal experience may also be an aggravating factor, because an experienced attorney should know better than to engage in conduct that merits **discipline**," the judges wrote.

Traina also received a six-month **suspension** from the Ninth Circuit today, while       was privately reprimanded.

The panel also adopted Tashima's recommendation that **Lack** pay $250,000 in sanctions. **Girardi** is on the hook for $125,000, Traina for $10,000 and   for $5,000.

A reprimand or **suspension** before the appellate court may have little impact on **Girardi** and **Lack's** day-to-day practice, but State Bar **discipline** is more serious. Both lawyers have an obligation to self-report their conduct to the Bar.

Should they choose, Bar prosecutors can admit the Ninth Circuit's disciplinary order, along with the entire record underpinning it, said Doron Weinberg, who defends attorneys in the State Bar court.

"The State Bar generally respects the findings and conclusions of other jurisdictions," Weinberg said.

The argument then shifts to proper punishment. **Lack** and **Girardi** could argue that Ninth Circuit punishment is enough, but the Bar often recognizes an independent interest to foster integrity of its members, Weinberg said.

The case is In Re **Girardi**, 08-80090.

---- INDEX REFERENCES ---

COMPANY: ABA MANAGEMENT AND DEVELOPMENT; SKADDEN ARPS SLATE MEAGHER AND FLOM LLP; DOLE GERMANY OHG; DOLE FOOD CO INC; DOLE EAST S R O; HASTINGS COLLEGE; DOLE PACKAGED FOODS EUROPE S A S U

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

NEWS SUBJECT: (Legal (1LE33); Business Litigation (1BU04); Corporate Events (1CR05); Business Management (1BU42); Business Lawsuits & Settlements (1BU19); Judicial (1JU36))

REGION: (California (1CA98); North America (1NO39); U.S. West Region (1WE46); Americas (1AM92); USA (1US73))

Language: EN

OTHER INDEXING: (BAR; CALIFORNIA; DOLE; DOLE FOOD CO; DOLE FOOD CORP; ENGSTROM; HASTINGS COLLEGE; N RANDY SMITH; NINTH CIRCUIT; NINTH CIRCUIT U S COURT OF APPEALS; SKADDEN ARPS; SLATE MEAGHER FLOM; STATE BAR) (A. Wallace Tashima; Doron Weinberg; Erin Brockovich; Eventually; Girardi; Girardi Reprimanded; Howard Miller; Keener Nahra; Lack; Lipscomb Lack; Marsha Berzon; Miller; Nora Manella; Paul Traina; Robert Baker;          Substantial; Tashima; Thomas Girardi; Thomas Nolan;       Traina; Walter Lack; Walter Lack Suspended; Weinberg; William Fletcher)

KEYWORDS: Legal Professionals

Word Count: 799
7/19/10 RECORDER-SF 41
END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.                                                                              NewsRoom

7/15/10 BROWARDDBR A4                                                                  Page 1

7/15/10 Broward Daily Bus. Rev A4
2010 WLNR 14161545

Broward Daily Business Review
Copyright 2010 ALM Media Properties, LLC

July 15, 2010

Volume 51; Issue 150

Section: On AppealSection: $489M Judgment Pursued Against Wrong Corporate Entity

Panel doles out 6-month **suspension** to plaintiff lawyer

Dan Levine
dlevine@alm.com

The **discipline** originally proposed for one of California's top plaintiff lawyers just wasn't tough enough for the 9th U.S. Circuit Court of Appeals.

Walter **Lack** received a sixmonth **suspension** from practicing before the 9th Circuit due to fraudulent appellate briefs his firm filed in litigation against Dole Food. The penalty handed down Tuesday is greater than the recommendation of the court's own independent prosecutor, and it puts the Engstrom Lipscomb & **Lack** partner in a tricky posture with the State Bar of California.

**Lack's** frequent co-counsel, Thomas **Girardi** of **Girardi** & Keese in Los Angeles, received only a formal reprimand. That mirrors a proposal from Hastings College of the Law professor Rory Little, who investigated the lawyers' behavior at the court's request.

Little also recommended staying any **suspension** of **Lack**, but the 9th Circuit panel disagreed. Judges William Fletcher, Marsha Berzon and N. Randy Smith found **Lack** "chose to remain willfully blind to the fact they were making false statements."

**Girardi** had not been involved in drafting the problematic briefs and had not read them before signing, the judges wrote in an unsigned order.

"**Girardi's** practice of authorizing the **Lack** firm to sign his name on briefs that turned out to contain falsehoods may raise separate ethical questions," the panel wrote.

"But with respect to the specific misrepresentations identified in the order to show cause, **Girardi's** proven conduct is at most reckless, and the recklessness inheres in this mode of practice, not in any specific action he took in the enforcement action or the appeal."

**Lack's** attorney, Robert Baker of Baker Keener & Nahra, did not respond to a call by deadline.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.



Skadden Arps Slate Meagher & Flom partner Thomas Nolan, who represents **Girardi**, declined to comment.

For years, **Girardi** and **Lack** have teamed up on big-ticket class actions. **Lack** settled the toxic tort made famous in the movie "Erin Brockovich." **Girardi** hosts a radio show in Los Angeles and is a cornerstone of the city's legal community, long hobnobbing with judges and politicos. **Lack** and **Girardi** also are partners in businesses outside of the law from real estate to pharmaceuticals.

The two firms got in trouble while representing hundreds of plaintiffs who claim to have been sickened by pesticides. But lawyers in Central America mistakenly filed a complaint against Dole Food Corp., which doesn't exist, instead of Dole Food Co. They then secured a $489 million judgment against the wrong corporate entity.

**Lack's** firm took the lead in enforcing the judgment in the United States, and lawyers there relied on a series of documents and representations they knew to be false to mask the error and prosecute the claim against Dole Food Co., according to findings from 9th Circuit Judge A. Wallace Tashima, who acted as a special master in sanctions proceedings against the plaintiff lawyers.

Dan Levine reports for the Recorder of San Francisco, an ALM affiliate of the Daily Business Review.

---- INDEX REFERENCES ---

COMPANY: ABA MANAGEMENT AND DEVELOPMENT; AMERICAN LAUNDRY MACHINERY INC; **GIRARDI** AND KEESE; SKADDEN ARPS SLATE MEAGHER AND FLOM LLP; DOLE FOOD CO INC; ALM EQUITY AB; HASTINGS COLLEGE; ALM

NEWS SUBJECT: (Legal (1LE33); Judicial (1JU36))

REGION: (California (1CA98); North America (1NO39); U.S. West Region (1WE46); Americas (1AM92); USA (1US73))

Language: EN

OTHER INDEXING: (9TH CIRCUIT; ALM; BAKER KEENER NAHRA; CALIFORNIA; DOLE FOOD; DOLE FOOD CO; DOLE FOOD CORP; ENGSTROM LIPSCOMB **LACK**; **GIRARDI** KEESE; HASTINGS COLLEGE; N RANDY SMITH; PANEL; SKADDEN ARPS SLATE MEAGHER FLOM; STATE BAR; US CIRCUIT COURT OF APPEALS) (A. Wallace Tashima; Dan Levine; Erin Brockovich; Girardi; Lack; Marsha Berzon; Robert Baker; Thomas Girardi; Thomas Nolan; Walter Lack; William Fletcher)

KEYWORDS: Legal Professionals (On Appeal)

Word Count: 489
7/15/10 BROWARDDBR A4
END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.                                                              NewsRoom

7/15/10 MIAMIDBR A4                                                        Page 1

7/15/10 Miami Daily Bus. Rev. A4
2010 WLNR 14163398

Miami Daily Business Review
Copyright 2010 ALM Media Properties, LLC

July 15, 2010

Volume 85; Issue 23

Section: On AppealSection: $489M Judgment Pursued Against Wrong Corporate Entity

Panel doles out 6-month **suspension** to plaintiff lawyer

Dan Levine
dlevine@alm.com

The **discipline** originally proposed for one of California's top plaintiff lawyers just wasn't tough enough for the 9th
U.S. Circuit Court of Appeals.

Walter **Lack** received a sixmonth **suspension** from practicing before the 9th Circuit due to fraudulent appellate
briefs his firm filed in litigation against Dole Food. The penalty handed down Tuesday is greater than the recom-
mendation of the court's own independent prosecutor, and it puts the Engstrom Lipscomb & **Lack** partner in a tricky
posture with the State Bar of California.

**Lack's** frequent co-counsel, Thomas **Girardi** of **Girardi** & Keese in Los Angeles, received only a formal repri-
mand. That mirrors a proposal from Hastings College of the Law professor Rory Little, who investigated the law-
yers' behavior at the court's request.

Little also recommended staying any **suspension** of **Lack**, but the 9th Circuit panel disagreed. Judges William
Fletcher, Marsha Berzon and N. Randy Smith found **Lack** "chose to remain willfully blind to the fact they were
making false statements."

**Girardi** had not been involved in drafting the problematic briefs and had not read them before signing, the judges
wrote in an unsigned order.

"**Girardi's** practice of authorizing the **Lack** firm to sign his name on briefs that turned out to contain falsehoods
may raise separate ethical questions," the panel wrote.

"But with respect to the specific misrepresentations identified in the order to show cause, **Girardi's** proven conduct
is at most reckless, and the recklessness inheres in this mode of practice, not in any specific action he took in the
enforcement action or the appeal."

**Lack's** attorney, Robert Baker of Baker Keener & Nahra, did not respond to a call by deadline.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.



Skadden Arps Slate Meagher & Flom partner Thomas Nolan, who represents **Girardi**, declined to comment.

For years, **Girardi** and **Lack** have teamed up on big-ticket class actions. **Lack** settled the toxic tort made famous in the movie "Erin Brockovich." **Girardi** hosts a radio show in Los Angeles and is a cornerstone of the city's legal community, long hobnobbing with judges and politicos. **Lack** and **Girardi** also are partners in businesses outside of the law from real estate to pharmaceuticals.

The two firms got in trouble while representing hundreds of plaintiffs who claim to have been sickened by pesticides. But lawyers in Central America mistakenly filed a complaint against Dole Food Corp., which doesn't exist, instead of Dole Food Co. They then secured a $489 million judgment against the wrong corporate entity.

**Lack's** firm took the lead in enforcing the judgment in the United States, and lawyers there relied on a series of documents and representations they knew to be false to mask the error and prosecute the claim against Dole Food Co., according to findings from 9th Circuit Judge A. Wallace Tashima, who acted as a special master in sanctions proceedings against the plaintiff lawyers.

Dan Levine reports for the Recorder of San Francisco, an ALM affiliate of the Daily Business Review.

---- INDEX REFERENCES ---

COMPANY: ABA MANAGEMENT AND DEVELOPMENT; AMERICAN LAUNDRY MACHINERY INC; **GIRARDI** AND KEESE; SKADDEN ARPS SLATE MEAGHER AND FLOM LLP; DOLE FOOD CO INC; ALM EQUITY AB; HASTINGS COLLEGE; ALM

NEWS SUBJECT: (Legal (1LE33); Judicial (1JU36))

REGION: (California (1CA98); North America (1NO39); U.S. West Region (1WE46); Americas (1AM92); USA (1US73))

Language: EN

OTHER INDEXING: (9TH CIRCUIT; ALM; BAKER KEENER NAHRA; CALIFORNIA; DOLE FOOD; DOLE FOOD CO; DOLE FOOD CORP; ENGSTROM LIPSCOMB **LACK**; **GIRARDI** KEESE; HASTINGS COLLEGE; N RANDY SMITH; PANEL; SKADDEN ARPS SLATE MEAGHER FLOM; STATE BAR; US CIRCUIT COURT OF APPEALS) (A. Wallace Tashima; Dan Levine; Erin Brockovich; Girardi; Lack; Marsha Berzon; Robert Baker; Thomas Girardi; Thomas Nolan; Walter Lack; William Fletcher)

KEYWORDS: Legal Professionals (On Appeal)

Word Count: 489
7/15/10 MIAMIDBR A4
END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Daily Journal Newswire Articles
www.dailyjournal.com
© 2010 The Daily Journal Corporation. All rights reserved.

• select Print from the File menu above

• Jul. 14, 2010

# Plaintiffs' Lawyers Are Disciplined By 9th Circuit

By Laura Ernde

Daily Journal Staff Writer

Plaintiffs' attorneys Walter J. Lack and Paul A. Traina were suspended for six months from practicing before the 9th U.S. Circuit Court of Appeals for trying to enforce a sham $489 million Nicaraguan judgment, and Thomas V. Girardi received a reprimand Tuesday, the court announced.

Lack and Traina of the Los Angeles firm of Engstrom, Lipscomb & Lack "chose to remain willfully blind to the fact that they were making false statements," read the harshly worded order by Judges William A. Fletcher, Marsha S. Berzon and N. Randy Smith. *In re Girardi*, 2010 DJDAR 10868.

The discipline panel went easier on Girardi, of Girardi & Keese, who maintained throughout the proceedings he did not play an active role in the appeal. Girardi was spared suspension but not a few stern words.

"Girardi's practice of authorizing the Lack firm to sign his name in briefs that turned out to contain falsehoods may raise separate ethical questions," the order read. "But... Girardi's proven conduct is at most reckless, and the recklessness inheres in his mode of practice, not in any specific action that he took in the enforcement action or the appeal."

In a statement e-mailed to the Daily Journal as he was getting on a cross-country flight, Girardi said he was pleased the panel recognized his lack of involvement. Girardi said he deserved to be admonished for allowing his name to be listed on the appeal brief without deeper knowledge of the matter.

"I believe that the decision is a great warning to lawyers to be careful, thoughtful, and concerned whenever briefs are filed even if co-counsel are filing the brief," Girardi said in the e-mail.

Lack and Traina, who will be barred from practicing before the 9th Circuit for six months, did not immediately respond to a call for comment. Their lawyer, Robert C. Baker of Baker, Keener, Nahra in Los Angeles, could not be reached Tuesday.

The discipline order largely adhered to a recommendation by Rory Little, a UC Hastings College of the Law professor who acted as a special prosecutor in the case. Little would have stayed the suspensions of Lack and Traina pending a probationary period.

A fourth lawyer involved in the case received a private reprimand. Although he wasn't named in Tuesday's order, earlier documents have identified him as                    a junior associate at the Lack firm who was assigned to draft briefs.

The attorneys did not contest a $390,000 sanction recommended by Circuit Judge Wallace A. Tashima in March 2008 after he was appointed to investigate the matter.

Shaun Martin, a professor at University of San Diego School of Law who blogs about appellate law, said it was telling the lawyers chose to accept the monetary fine and fight the discipline.

"For most of us, the money would matter more than a suspension or public rebuke," Martin wrote on his blog. "That says a lot about the value of publicity in high-profile practices."

Girardi and Lack, although they are with different firms, have collaborated on cases for 25 years, including the

contaminated drinking water case against Pacific Gas & Electric that became the subject of the movie "Erin Brokovich."

Their decades of experience might have hurt them as much as it helped them with the 9th Circuit. The panel pointed out that although both men had long, unblemished records, the American Bar Association holds more experienced lawyers to higher standards.

Lawyers who specialize in attorney discipline said it was unusual for the 9th Circuit to get involved since punishment is usually the purview of the State Bar.

"The fact that the 9th Circuit took this on as its own disciplinary case shows how concerned and alarmed the panel was by what it saw," said Sean SeLegue of Howard, Rice, Nemerovski, Canady, Falk & Rabkin.

The State Bar's new chief trial counsel James Towery will likely investigate the incident, but he will not be bound by the 9th Circuit's order and could seek a harsher or more lenient punishment.

Attorney Arthur Margolis of Los Angeles said he thinks disbarment is unlikely because the State Bar prosecutor's office has shown an unwillingness to contradict conclusions by courts.

The 9th Circuit adopted Tashima's detailed account of the attorneys' transgressions, which started in 2000 when Girardi and Lack partnered with a Nicaraguan law firm to represent banana plantation workers who were allegedly harmed by the use of a powerful pesticide that's been banned in the United States. Girardi said he left the details to Lack and his firm.

Problems first arose when the Nicaraguan complaint named as a defendant the nonexistent Dole Food Corporation instead of Dole Food Co.

After denying Dole Food Co.'s request to get involved in the suit because it wasn't a named defendant, the Nicaraguan judge entered a $489 million judgment against Dole Food Corp. in December 2002.

Lack knew the judgment was entered against the wrong company, but insisted he thought the Nicaraguan lawyers had fixed the problem in 2003, when he filed papers in Los Angeles County Superior Court to enforce the judgment against Dole, Tashima said.

Dole's lawyers promptly requested the original documents proving there was no judgment against them and removed the case to federal court.

Meanwhile, the plaintiffs' lawyers continued to argue in court the mistake was because of a translation error - in Spanish the words company and corporation are interchangeable. Traina drafted declarations from two witnesses to support that theory without speaking to them, Tashima said.

After District Judge Nora M. Manella refused to enforce the judgment, the plaintiffs' lawyers appealed to the 9th Circuit.

who had less than two years of practical experience, was given the task of writing the opening brief, and tried to tell Traina the appeal was doomed.

A week before oral argument a scheduling conflict forced       to hand over the case to Howard B. Miller, a member of the Girardi firm, who discovered the flaws immediately. Miller, who served as State Bar president this year, said Girardi agreed the appeal should be dismissed.

Rick McKnight, a Jones Day lawyer who represented Dole Food Co., said he was glad the 9th Circuit adopted Tashima's thorough report and conclusions about what happened.

"It's a reminder to all lawyers, despite experience and celebrity, you've got to abide by the rules and behave appropriately," McKnight said.

laura_ernde@dailyjournal.com

**********
© 2010 Daily Journal Corporation. All rights reserved.